J-S58023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY SMITH, | |
| Appellant | No. 203 WDA 2014 |

Appeal from the PCRA Order Entered January 29, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001477-1998

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 23, 2014**

Appellant, Gary Smith, appeals *pro se* from the trial court's January 29, 2014 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In March of 1999, Appellant pled guilty to attempted rape, simple assault, and unlawful restraint and was sentenced to 102 to 240 months' incarceration. This Court affirmed his judgment of sentence on August 2, 2000. ***Commonwealth v. Smith***, No. 291 WDA 2000, unpublished memorandum (Pa. Super. filed August 2, 2000). Appellant did not petition for allowance of appeal with our Supreme Court and, thus, his judgment of sentence became final on September 2, 2000. ***See*** 42 Pa.C.S. § 9545(b)(3)

_____

[*] Retired Senior Judge assigned to the Superior Court.

(stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (directing that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed").

Appellant filed a *pro se* PCRA petition on November 14, 2013. Out of "an abundance of caution," the court appointed PCRA counsel to review whether Appellant's petition satisfied any exception to the PCRA's one-year timeliness requirement. PCRA Court Opinion, 1/29/14, at 1 (unnumbered pages). On December 12, 2013, counsel filed a petition to withdraw in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On January 2, 2014, the PCRA court granted counsel's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not respond, and on January 29, 2014, the court issued an order dismissing his petition as untimely. Appellant filed a timely *pro se* notice of appeal.

Appellant's handwritten brief does not contain a "Statement of Questions Involved" section, as required by Pa.R.A.P. 2116. From what we can ascertain, however, Appellant argues that his appointed counsel failed to adequately review the record in his case; his guilty plea is invalid because he did not receive the agreed upon sentence; and the evidence was insufficient to support his convictions because the victim did not identify him and there

was no DNA evidence tying him to the crime. Appellant does not argue that any of these claims satisfy an exception to the PCRA timeliness requirements set forth in 42 Pa.C.S. § 9545(b).[1] Consequently, we are without jurisdiction to review the merits of this appeal.

Order affirmed.

_____

[1] That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014