J-S49007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KHALIAF ALSTON | |
| Appellant | No. 1966 EDA 2013 |

Appeal from the Order Dated June 14, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0700412-2005

BEFORE:  OLSON, OTT and STABILE, JJ.

MEMORANDUM BY OLSON, J.:               **FILED SEPTEMBER 26, 2014**

Appellant, Khaliaf Alston, appeals *pro se* from the order entered on June 14, 2013, dismissing his first petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court has provided us with a thorough explanation of the underlying facts and procedural posture of this case:

> On March 9, 2005, [Appellant] and his co-defendant, Ernest [Cannon], were talking with the victim, Mark Williams, at the intersection of 24th and Somerset Streets in Philadelphia.  Kenneth Hicks, a friend of Williams, walked up to the men and asked Williams if everything was okay.  Hicks recognized [Appellant] and Cannon from his neighborhood.  When Williams responded that he was okay, Hicks began to walk away.  At that point, he heard Williams yell for help.  Hicks turned around and saw Williams in a physical struggle with [Appellant and Cannon].  According to Hicks, [Appellant and Cannon] knocked Williams to the ground.  Hicks then heard multiple gunshots and saw [Appellant and Cannon] fleeing.

Williams died as a result of his injuries. He had sustained gunshot wounds to the hands, wrist, ankle, foot[,] and abdomen. The abdominal wound was deemed a contact wound. Police recovered eight [] spent bullet casings at the scene.

On March 11, 2005, police went to an apartment [in Philadelphia], where [Appellant] was staying with his girlfriend. . . . The police obtained consent to search the apartment and thereafter recovered the murder weapon, a .40 caliber handgun, from a toilet inside the apartment. Ballistics testing established that this weapon [was] the one that killed Williams.

. . .

On February 16, 2007, following a bench trial . . . , [Appellant] was convicted of third degree murder, criminal conspiracy, possessing an instrument of crime[,] and violating . . . the Uniform Firearms Act[.1] On April 12, 2007, [the trial court] sentenced [Appellant] to life imprisonment [for the] third degree murder [conviction.fn.1]. . . .

> fn.1 [Appellant's] life sentence was imposed in accordance with 42 [Pa.C.S.A.] § 9715(a), as he had been previously convicted of and sentenced for second degree murder in another matter. . . .

The trial court denied [Appellant's] post-sentence motion[. Appellant] then filed an appeal in the Pennsylvania Superior Court, which affirmed [Appellant's] judgment of sentence on April 15, 2009. . . . The Pennsylvania Supreme Court denied [Appellant's petition for allowance of appeal] on February 23, 2010. [***Commonwealth v. Alston***, 974 A.2d 1175 (Pa. Super. 2009) (unpublished memorandum) at 1-7, *appeal denied*, 989 A.2d 914 (Pa. 2010)].

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903(a), 907, 6106, and 6108, respectively.

On June 21, 2010, [Appellant] filed a *pro se* PCRA petition [wherein Appellant raised no cognizable claim for relief. Instead, Appellant's *pro se* PCRA petition stated that Appellant's "claims" were as follows: "ineffective assistance of trial counsel;" "ineffective assistance of [appellate] counsel;" "abuse of discretion by trial judge;" and, "all other issues will be garnered once counsel is appointed." Appellant's *Pro Se* PCRA Petition, 6/21/10, at 3.] . . .

The [PCRA] court appointed counsel to represent [Appellant. However,] PCRA counsel [did not file an amended PCRA petition on Appellant's behalf. Rather, counsel filed a "no merit" letter, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Within counsel's letter, counsel stated that the] issues raised in [Appellant's] *pro se* petition were either without merit or had been previously litigated, and that there were no additional issues which could be raised in an amended PCRA petition. On December 8, 2011, after reviewing the trial record and counsel's [no merit letter, the PCRA court] dismissed [Appellant's PCRA] petition without a hearing, holding that the petition had no merit. [Further, even though counsel had not filed a separate petition to withdraw representation, the PCRA court also granted counsel leave to withdraw in the case. Appellant then filed a *pro se* notice of appeal to the Superior Court].

. . . On January 23, 2013, the Superior Court vacated the [PCRA court's] order and remanded [the] case after [concluding] that PCRA counsel did not comply with the requirements of **Turner**/**Finley**, and, therefore, it was improper for [the PCRA] court to permit counsel to withdraw under such circumstances. [**Commonwealth v. Alston**, 64 A.3d 284 (Pa. Super. 2013) (unpublished memorandum) at 1-10].

[The PCRA] court subsequently appointed new PCRA counsel. [Again, however, appointed counsel failed to file an amended PCRA petition. Instead, appointed counsel filed a petition to withdraw and a "no merit" letter, pursuant to **Turner** and **Finley**. Within these filings, counsel declared that the PCRA court should permit him to withdraw representation, as Appellant's claims were meritless. By

order entered June 14, 2013, the PCRA] court dismissed the instant PCRA petition for lack of merit. The court also permitted PCRA counsel to withdraw.

PCRA Court Opinion, 10/10/13, at 1-4 (some internal footnotes omitted).

Appellant filed a timely, *pro se* notice of appeal. On June 10, 2013, the PCRA court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant did not file a Rule 1925(b) statement.

Within Appellant's brief, Appellant's statement of questions involved on appeal lists the following nine issues:

1. Was trial counsel ineffective for failing to properly investigate and locate witnesses that would have been helpful to defense[?]

2. Did the trial court make error when it allowed the hearsay testimony of Officer Pitts to be permitted[?]

3. Was trial counsel ineffective for advising [Appellant] not to call witnesses that would have been helpful to [the] defense[?]

4. Did the trial court err when it denied [a] defense motion for [mistrial] for improper vouching for the witness by the prosecutor[?]

5. Was [Appellant's] right to a fair trial violated when [the] trial court acting as [a] fact finder in non-jury trial heard facts about [Appellant's] prior cases during motion hearing[?]

6. Was trial counsel ineffective when he filed motion that he knew would bring out facts about prior cases[?]

7. Did [the] prosecutor commit error when he knowingly allowed the witness to commit perjury while testifying[?]

8. Was the trial court bias[ed] to [Appellant] where she made several ingredious [sic] comments during trial and sentencing but since [Appellant] still does not have access to the sentencing transcripts, he's being [hindered] from proving through the record prejudice. Justice demands that [he] receives transcripts and the prejudice will be shown.

9. Was [Appellant] improperly sentenced to a life sentence pursuant to 42 Pa.C.S.A. § 9715(a)[?]

Appellant's Brief at 3.

All of Appellant's claims on appeal are waived, as Appellant did not file a Rule 1925(b) statement of errors complained of on appeal, despite being ordered to do so. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement . . . are waived"). Further, even if Appellant (somehow) did not receive notice of the Rule 1925(b) order, Appellant's claims on appeal are waived because Appellant did not plead any of the claims in his PCRA petition.[2] 42 Pa.C.S.A. § 9543(a) ("To be eligible for relief under [the PCRA], **the petitioner must plead** and prove by a preponderance of the evidence all of the following . . .") (emphasis added); ***Commonwealth v. Wilson***, 861 A.2d 919, 928 (Pa. 2004) ("as [a]ppellant failed to plead [certain] claims [in his PCRA petition], th[ose] issues are waived").

Therefore, we affirm the PCRA court's order, which dismissed Appellant's PCRA petition without a hearing.

_____

[2] We note that, on appeal, Appellant has not claimed that the PCRA court erred when it granted counsel's petition to withdraw.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/2014