J-S20040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONNIE AUSTIN | |
| Appellant | No. 1883 WDA 2014 |

Appeal from the PCRA Order of October 31, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at Nos.:     CP-26-CR-0000213-1997
CP-26-CR-0000214-1997

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED MAY 8, 2015**

Ronnie Austin[1] appeals the October 31, 2014 order that granted his Post Conviction Relief Act ("PCRA")[2] counsel's motion to withdraw as counsel.  Because that order is not a final order and no exceptions apply, we quash the appeal.

In an earlier memorandum, a previous panel of this Court set forth a brief history of this case as follows:

> On November 19, 1997, following a jury trial, Austin was convicted of criminal homicide, retaliation against a witness or victim, and conspiracy.  Thereafter, the trial court sentenced

---

[1]     In some places in the certified record, Austin's first name is spelled "Ronny."  Because Austin uses "Ronnie" in his *pro se* petition and brief, we adopt that spelling.

[2]     42 Pa.C.S. §§ 9541-46.

Austin to a term of life imprisonment. On appeal, this Court affirmed Austin's judgment of sentence on March 23, 1999. *Commonwealth v. Austin*, 737 A.2d 1268 (Pa. Super. 1999) (Table). The Pennsylvania Supreme Court denied Austin's Petition for *Allocatur* on September 8, 1999.

Austin filed his first PCRA petition on August 6, 2000, after which, PCRA counsel was appointed. The PCRA court denied Austin's petition on August 14, 2000. Austin filed a timely notice of appeal on August 30, 2000, and thereafter filed a second PCRA petition on September 5, 2000. Austin's second PCRA petition was denied on September 12, 2000, and on September 14, 2001, this Court affirmed the dismissal of Austin's first PCRA petition.

Several years thereafter, on October 23, 2007, Austin filed his third PCRA petition. On November 20, 2007, the PCRA court dismissed Austin's untimely petition for lack of jurisdiction. This Court affirmed the dismissal of Austin's third PCRA petition on January 8, 2009. Austin filed [his fourth *pro se* PCRA petition] on October 6, 2009, which the PCRA court again dismissed as untimely on November 18, 2009.

*Commonwealth v. Austin*, 2068 WDA 2009, slip op. at 1-2 (Pa. Super. August 26, 2010).

On August 26, 2010, this Court affirmed the dismissal of Austin's fourth PCRA petition. Austin then filed his fifth *pro se* PCRA petition on July 6, 2012, in which he requested that the PCRA court appoint him counsel. On July 11, 2012, the PCRA court appointed counsel, who, on December 5, 2012, filed a no-merit letter in support of a motion to withdraw from representation. The PCRA court allowed counsel to withdraw. However, the certified record contains no order disposing of Austin's fifth PCRA petition.

On June 17, 2013, Austin filed his sixth PCRA petition, and, once more, the court appointed counsel. Austin's counsel filed a no-merit letter and

motion to withdraw as counsel pursuant to the procedures outlined in **Turner**/**Finley**.[3] On October 31, 2014, the PCRA court granted Austin's counsel's motion to withdraw, but took no action on the pending PCRA petition.

On November 14, 2014, Austin appealed the order permitting counsel to withdraw. The PCRA court ordered, and Austin filed, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 29, 2014, the PCRA court filed a statement in lieu of an opinion pursuant to Pa.R.A.P. 1925(a). On January 9, 2015, the PCRA court filed an amended statement in lieu of an opinion, rescinding its previous Rule 1925(a) statement. Therein, the PCRA court indicated that Austin "filed the instant appeal prematurely and before [the PCRA court] was able to serve notice of its intention to dismiss the current [p]etition. Specifically, the [p]etition has not yet been dismissed by [the PCRA court]." PCRA Court Opinion ("P.C.O."), 1/9/2015, at 1.

Because of the unusual circumstances of this appeal, we first must determine whether this Court has jurisdiction to address Austin's appeal. Pursuant to Pennsylvania Rule of Appellate Procedure 341, "an appeal may be taken as of right from any final order of an administrative agency or lower court." Pa.R.A.P. 341(a). "A final order is any order that: (1)

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

disposes of all claims and of all parties; or (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to subdivision (c) of this rule."[4]  Pa.R.A.P. 341(b).  Because Austin filed the instant appeal before the PCRA court disposed of all claims in his PCRA petition, the order is not final.  Moreover, the order does not satisfy any of the other definitions of a final order.

The order also does not meet the exceptions to the final order rule that are discussed in Rules 311, 312, and 313.  Rule 311 provides that an interlocutory appeal may be taken as of right from certain enumerated types of orders.  Pa.R.A.P. 311.  However, an order allowing counsel to withdraw is not among them.  Thus, Austin is not entitled to an interlocutory appeal as of right.  In addition, Austin is not entitled to an interlocutory appeal by permission, **see** Pa.R.A.P. 312, because the PCRA court has not authorized such an appeal.  The collateral order doctrine, **see** Pa.R.A.P. 313, does not allow Austin to proceed.  To be a collateral order, the order must be "separable from and collateral to the main cause of action."  **Id.**  Because

---

[4]    Subdivision (c) provides:

> When more than one claim for relief is presented in an action . . . the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.

Pa.R.A.P. 341(c)

the PCRA court had to review the merits of Austin's PCRA claims and to find them to be frivolous to permit counsel to withdraw, the order appealed is not separable from the PCRA petition. Therefore, it is not a collateral order.

The instant appeal is not of a final order nor do any of the exceptions apply. Therefore, we quash the appeal and remand for further proceedings. We note for the PCRA court that, in addition to his sixth and current PCRA petition, his fifth petition remains unresolved.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015