J-S08040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RONNIE AUSTIN, | : | |
| | : | |
| Appellant | : | Nos. 1262, 1263 WDA 2015 |

Appeal from the PCRA Order entered on August 6, 2015
in the Court of Common Pleas of Fayette County,
Criminal Division, No(s): CP-26-CR-0000213-1997;
CP-26-CR-0000214-1997

BEFORE:  STABILE, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　　**FILED APRIL 08, 2016**

Ronnie Austin ("Austin"), *pro se*, appeals from the Order dismissing his sixth Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 19, 1997, a jury convicted Austin of criminal homicide, retaliation against a witness or victim, and conspiracy.[1]  Thereafter, the trial court sentenced Austin to life in prison.  On March 23, 1999, this Court affirmed Austin's judgment of sentence and, on September 8, 1999, the Pennsylvania Supreme Court denied allowance of appeal.  ***Commonwealth v. Austin***, 737 A.2d 1268 (Pa. Super. 1999) (unpublished memorandum), ***appeal denied***, 743 A.2d 913 (Pa. 1999).  Since that time, Austin has filed numerous PCRA Petitions.  Ultimately, all were denied.

---

[1] 18 Pa.C.S.A. §§ 2501, 4953, 903.

Relevant to the instant appeal, on June 17, 2013, Austin filed his sixth PCRA Petition. The PCRA court appointed counsel, who filed a no-merit letter, and Motion to withdraw as counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On October 31, 2014, the PCRA court entered an Order granting counsel's Motion to withdraw from representation. However, the PCRA court took no further action on Austin's pending PCRA Petition.

Austin appealed the Order granting counsel's Motion to withdraw, which this Court quashed as interlocutory. *Commonwealth v. Austin*, 122 A.3d 444 (Pa. Super. 2015) (unpublished memorandum). Thereafter, the PCRA court issued Notice of its intent to dismiss Austin's sixth PCRA Petition without a hearing, to which Austin filed a Response and Objection. On August 6, 2015, the PCRA court filed its Order dismissing Austin's PCRA Petition as untimely filed. Austin, *pro se*, filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Austin now presents the following claims for our review:

(1) Did the [PCRA] court err in dismissing [Austin's] sixth [PCRA] Petition as untimely?

(2) Did the [trial court] acquire subject matter jurisdiction for the cases of CP Nos. 213 and 214 of 1997?

(3) Did [the District Attorney] commit fraud upon the court?

- 2 -

(4) Did [the PCRA] court err in dismissing [Austin's] sixth Petition without other proceedings?

Brief for Appellant at 4.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that

**(i)** the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

**(ii)** the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

**(iii)** the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(2). A PCRA petition invoking one of these statutory exceptions must be filed within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Austin first claims that the PCRA court improperly dismissed his Petition as untimely filed. Brief for Appellant at 4. Austin asserts that, at the time of his arrest, Pennsylvania State Trooper James Custer ("Trooper Custer") entered the residence, but did not present a warrant. *Id.* Austin claims that he discovered the absence of the warrant in 2013, when, after requesting copies of the warrants and affidavits for his cases (Nos. 213 and 214 of 1997), the clerk sent only the warrant for "Retaliation Against a Witness or Victim," and not the warrant for homicide. *Id.* Austin argues that because of this, he was never arrested for, or charged with, criminal homicide and, accordingly, his constitutional right of due process has been violated. *Id.* at 8.

In his second, related claim, Austin argues that "without a valid complaint or arrest warrant[,] any judgment or sentence is void *ab initio*." *Id.* at 10 (internal quotation marks omitted). Austin asserts that he has the right to challenge the validity and legality of an illegal sentence, and that the lack of subject matter jurisdiction "also makes this sixth PCRA [P]etition timely …." . *Id.* at 11.

Our review discloses that Austin has failed to demonstrate that "the facts upon which [his] claim is predicated were unknown to [him] and could not have been ascertained by the exercise of due diligence[.]" *See* 42 Pa.C.S.A. § 9545(b)(2). Austin admits that he was not shown any warrant at the time of the 1997 search and arrest. Brief for Appellant at 7. Austin

states that he only discovered the absence of the homicide warrant in 2013, when, in response to his request, the Clerk of Courts failed to send a homicide arrest warrant. *Id.* Austin's failure to request copies of the warrants for his case, for such an extended period of time, cannot suffice as due diligence. Because Austin failed to establish an exception to the PCRA's timeliness requirement, the PCRA properly denied relief on his first and second claims.

In his third claim, Austin argues that the assistant district attorney committed "a fraud upon the court." Brief for Appellant at 11. In support, Austin once again relies upon the alleged lack of a warrant for his homicide case. *Id.*

Our review discloses that Austin failed to demonstrate that the prosecutor's alleged actions were unknown to him, and could not have been ascertained by the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(2). Because Austin failed to establish a statutory exception to the PCRA's timeliness requirement, the PCRA properly dismissed his Petition without an evidentiary hearing.[2] Accordingly, we affirm the Order of the PCRA court.

Order affirmed.

---

[2] Accordingly, we need not address Austin's fourth claim, which challenged the denial of his Petition without an evidentiary hearing.

J-S08040-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/2016