J-S51002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOUGLAS L.L. JONES | |
| Appellant | No. 544 EDA 2016 |

Appeal from the PCRA Order February 12, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008464-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED June 24, 2016**

Appellant, Douglas L.L. Jones, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his first petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  On June 6, 2013, Appellant entered a negotiated plea to third-degree murder, two firearms offenses, and possessing instruments of crime.  That same day, the court sentenced Appellant to an aggregate term of twenty-five (25) to fifty-five (55) years' imprisonment.  Appellant did not file a direct appeal.  Appellant filed the instant PCRA petition *pro se* on August 17, 2015, and the court appointed counsel who, on December 11, 2015, filed a petition to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988)

_____

*Retired Senior Judge assigned to the Superior Court.

and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court issued Rule 907 notice on January 11, 2016. On February 12, 2016, the PCRA court granted counsel's petition to withdraw and dismissed Appellant's PCRA petition as untimely. Appellant timely filed a notice of appeal that same day. The court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not file one.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The timeliness exception in Section 9545(b)(1)(i) requires the petitioner to plead and prove his failure to raise the claim previously was the result of government interference. **See** 42 Pa.C.S.A. § 9545(b)(1)(i). To assert the timeliness exception contained in Section 9545(b)(1)(ii), a petitioner must allege and prove facts unknown to him, which he could not have ascertained by the exercise of due diligence. **See**

42 Pa.C.S.A. § 9545(b)(1)(ii). Section 9545(b)(1)(iii)'s timeliness exception requires the petitioner to allege and prove a new constitutional right that has been held to apply retroactively by the Pennsylvania Supreme Court or the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

Instantly, Appellant's judgment of sentence became final on or about Monday, July 8, 2013, upon expiration of time to file a direct appeal to this Court. *See* Pa.R.A.P. 903(a) (allowing thirty days to file notice of appeal to this Court). Appellant filed his current petition on August 17, 2015, more than two years later; thus, the petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Significantly, Appellant's petition did not acknowledge its untimeliness or allege any exception to the PCRA time requirements. *See id.* Therefore, the court properly dismissed the petition as untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/24/2016