544 A.2d 927

COMMONWEALTH of Pennsylvania, Appellee,

v.

Geary TURNER, Appellant.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Geary TURNER, Appellee.

Supreme Court of Pennsylvania.

Submitted April 11, 1988.

Decided July 27, 1988.

Geary Turner, pro se.

Gaele McLaughlin Barthold, Deputy Dist. Atty., Ronald Eisenberg, Chief, Appeals Div., Laurie Magid, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This case requires us to set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions. We deem it advisable to establish a procedure which is less cumbersome than that set forth in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981), which apply only in direct appeals from convictions.

The appellant and cross-appellee, Geary Turner, was convicted of second-degree murder in a non-jury trial before Judge (now Madam Justice) Juanita Kidd Stout on September 13, 1974. He was sentenced to serve five to twenty years imprisonment. On direct appeal, his conviction was affirmed unanimously by this Court. *Commonwealth v. Turner*, 469 Pa. 319, 365 A.2d 847 (1976). He subsequently petitioned for federal habeas corpus relief which was denied by the district court and affirmed by the United States Court of Appeals for the Third Circuit. *United States ex rel. Turner v. Cuyler*, 595 F.2d 1215 (3d Cir.1979) (per curiam).

In April, 1979, appellant filed a pro se petition for habeas relief in the Court of Common Pleas of Philadelphia. Counsel was appointed, an amended petition under the Post Conviction Hearing Act (PCHA) was filed, and a hearing was scheduled for July 28, 1981. Appellant, who had by then been released on parole, failed to appear at the hearing, and the PCHA judge dismissed the petition for want of prosecution. The judge later vacated his dismissal order and held a hearing on November 23, 1981, to determine whether the appellant had been properly notified of the July 28 hearing which he had failed to attend. Following the hearing, the judge found that the appellant had received notice of the July 28 hearing and had no excuse for his absence. The dismissal order was thus reinstated. The appellant's counsel then filed an untimely appeal from the dismissal of the PCHA petition, and the appeal was quashed by the Superior Court. *Commonwealth v. Turner*, 322 Pa.Super. 598, 469 A.2d 301 (1983).

The appellant, through counsel, then filed a second PCHA petition. Counsel was replaced by the appellant's seventh court-appointed attorney, who concluded that the second PCHA petition was frivolous, and withdrew in compliance with *Anders* and *McClendon, supra*. Without holding a hearing, the PCHA court denied the petition, agreeing with counsel that the petition was frivolous. The court nevertheless appointed yet an eighth attorney to represent the

494

appellant on appeal from the denial of his second PCHA petition.

Appellate counsel filed a brief in the Superior Court stating that there were no meritorious claims and seeking to withdraw as counsel. Superior Court affirmed the trial court's denial of the PCHA petition, and we likewise affirm. As to counsel's withdrawal due to the frivolity of the appeal, the court stated:

> Appellant's present counsel has complied with the requirements of *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), and *Commonwealth v. Finley*, 330 Pa.Super. 313, 322, 479 A.2d 568, 571–72 (1984). We therefore grant his request to withdraw from the case.

Superior Court thus granted counsel's petition to withdraw only upon finding that he had complied with the United States Supreme Court's *Anders* procedures, relying in part upon the Superior Court decision applying federal law in *Commonwealth v. Finley, supra,* which was later reversed by the United States Supreme Court *sub nom. Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

We allowed this appeal to clarify the appropriate procedures under Pennsylvania law which govern withdrawal of appointed counsel in proceedings under the PCHA. *Pennsylvania v. Finley, supra,* involved a PCHA proceeding in which counsel was permitted to withdraw without complying with *Anders.* The United States Supreme Court stated that "respondent has received exactly that which she is entitled to receive under state law—an independent review of the record by competent counsel...." 481 U.S. ——, 107 S.Ct. at 1995, 95 L.Ed.2d at 548. The independent review was described more fully in the Superior Court opinion, *Commonwealth v. Finley,* 330 Pa.Super. at 317–18, 479 A.2d at 570: counsel had presented a "no-merit" letter detailing the nature and extent of his review and listing each issue the petitioner wished to have raised, with counsel's explanation of why those issues were meritless; the

PCHA court had conducted its own independent review and agreed with counsel that the petition was meritless; at that point, Finley's counsel had been permitted to withdraw. The United States Supreme Court made it quite clear that Finley was entitled to nothing more as a matter of federal constitutional law, holding that the federal constitutional right to appointed counsel does not extend to collateral attacks on criminal convictions. 481 U.S. at ——, 107 S.Ct. at 1992–93, 95 L.Ed.2d at 545.

Under Pennsylvania law, where the PCHA petitioner's right to counsel is established by rule of this Court, Pa.R. Crim.P. 1503, 1504, we hold that the procedure followed in the *Finley* case accorded the PCHA petitioner all the protection incorporated in the right to appointed counsel in collateral proceedings under the PCHA. Thus, the implication by Superior Court that the requirements of *Anders* and *McClendon, supra,* governed the withdrawal of counsel in this case is erroneous. When, in the exercise of his professional judgment, counsel determines that the issues raised under the PCHA are meritless, and when the PCHA court concurs, counsel will be permitted to withdraw and the petitioner may proceed pro se, or by privately retained counsel, or not at all. The same procedure should be followed at any stage of the collateral proceedings, whether in a trial or appellate court. Inasmuch as the United States Supreme Court decided in *Pennsylvania v. Finley, supra,* that the federal constitutional considerations underlying the tortuous procedures of *Anders* do not apply under the PCHA, we deem these less rigid requirements for withdrawal of counsel to satisfy Pennsylvania law in collateral attacks on criminal convictions.

Order affirmed.

PAPADAKOS, J., concurs in the result.

STOUT, J., did not participate in the consideration or decision of this case.