**Ralph VANDERMARK, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 18, 1996.

Decided Nov. 18, 1996.

William Ruzzo, Assistant Public Defender, Wilkes–Barre, for petitioner.

Mary C. Bodo, Chief Counsel, Harrisburg, for respondent.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Ralph Vandermark (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. Petitioner's counsel has filed an application for leave to withdraw his appearance on behalf of Petitioner on the ground that the appeal is frivolous and has submitted a letter in support of the application. For reasons set forth in this opinion, we deny counsel's petition for leave to withdraw without prejudice and direct counsel to refile the application once he has complied with the requirements of *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988).

We will first address counsel's petition to withdraw his appearance and the "no-merit letter" filed with it. In *Turner*, the Pennsylvania Supreme Court set forth the proper procedure to be followed when court-appointed counsel seeks to withdraw representation because issues raised by the petitioner are frivolous. In subsequent cases, *Turner* has been interpreted as requiring counsel to file a "no-merit letter" containing (1) the nature and extent of counsel's review, (2) the issues the petitioner wishes to raise, and (3) counsel's analysis in concluding that the petitioner's appeal is frivolous. *Epps v. Pennsylvania Board of Probation and Parole*, 129 Pa.Cmwlth. 240, 565 A.2d 214 (1989). These requirements must be satisfied by court-appointed counsel before the court will consider any request by counsel to withdraw an appearance on behalf of an individual under the jurisdiction of the Board. *Hont v. Pennsylvania Board of Probation and Parole*, 680 A.2d 47 (Pa.Cmwlth.1996).

In reviewing an application for leave to withdraw, this Court must make an independent evaluation of the proceedings before the Board to determine whether the petition-

er's appeal is wholly frivolous. *Strothers v. Pennsylvania Board of Probation and Parole,* 124 Pa.Cmwlth. 1, 554 A.2d 1017 (1989). In this regard, we are mindful that this Court has previously determined that counsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has a substantive reason for concluding that those claims are meritless. *Hont; see also Wesley v. Pennsylvania Board of Probation and Parole,* 150 Pa. Cmwlth. 54, 614 A.2d 355 (1992).

In the present case, Petitioner's petition for review raises only one issue: whether the hearing officer allowed an inaccurate police report, which constituted hearsay, to be introduced into evidence at Petitioner's violation hearing. Meanwhile, counsel's "no-merit letter" addresses two other issues: whether the Board imposed excessive backtime and whether the Board's decision is supported by substantial evidence.

In *Hont,* this Court faced a fundamentally similar situation. In that case, the petitioner's petition for review raised three issues on appeal; yet, counsel's "no-merit letter" addressed only one of the issues raised in the petition for review. Because counsel failed to specifically address two of the contentions raised by the petitioner, this Court concluded that counsel's "no-merit letter" was defective.

As in *Hont,* counsel's "no-merit letter" in the instant action fails to address the issue raised by Petitioner in his petition for review. Because the "no-merit letter" is defective, we deny counsel's petition to withdraw from representation of Petitioner. Furthermore, until such time as counsel complies with the requirements of *Turner,* we will not carry out an independent examination of the merits of Petitioner's appeal.

### ORDER

NOW, November 18, 1996, the application for leave to withdraw filed by counsel of record is hereby denied without prejudice and counsel is directed to refile the application once he has complied with the require-

ments of *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988).