**Stanley V. JOHNSON, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted July 31, 1998.

Decided Sept. 16, 1998.

Stanley V. Johnson, petitioner, for himself.

Arthur R. Thomas, Harrisburg, for respondent.

Before McGINLEY and SMITH, JJ., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Before this Court is an application for leave to withdraw filed by Kent D. Watkins, Esquire (Counsel). Counsel has been court-appointed to represent Stanley Johnson (Petitioner) in the instant case. Counsel has filed a petition with this Court for review of a decision of the Pennsylvania Board of Probation and Parole (Board), denying Petitioner's request for administrative relief after the Board revoked his parole and recommitted him to serve his unexpired term of three years and eight months as a convicted parole violator. Counsel requests that he be permitted to withdraw on the basis that no grounds for appeal exist and the appeal is frivolous.

Petitioner was serving a sentence of two and one-half to seven years on ninety-eight counts of theft by deception. The effective date of sentence was November 3, 1989. He was also sentenced to seven years county probation to run consecutive with his parole from the underlying sentences. Petitioner was paroled on July 16, 1992, with a minimum expiration date of November 3, 1996.

On April 29, 1996, a warrant to commit and detain was issued based upon Petitioner's arrest on April 27, 1996, on charges of attempted theft, retail theft, simple assault, robbery, possession of instrument of crime, recklessly endangering another person, receiving stolen property, terroristic threats and theft. Petitioner was also arrested on May 6, 1996, by the Philadelphia County Police Department on charges of robbery, receiving stolen property, recklessly endangering another person, terroristic threats, theft by unlawful taking or disposition, simple assault and possession of an instrument of crime.

On August 13, 1996, the Board ordered that Petitioner be recommitted as a technical parole violator when available to serve his unexpired term. On November 18, 1996, Petitioner was declared delinquent for control purposes, effective April 25, 1996.

On November 27, 1996, Petitioner pled guilty to three counts of robbery. He was sentenced to seven to fifteen years in a state correctional institution. All sentences were to run concurrent.

On March 26, 1997, a panel revocation hearing was held. At the hearing, Petitioner raised the issue that the Board lacked jurisdiction over him because his conviction was after his maximum date.

By order dated June 17, 1997, the Board recommitted Petitioner to a state correctional institution as a convicted parole violator to serve his unexpired term of three years and eight months. The parole violation maximum date was listed as August 26, 2000. Petitioner filed a timely request for administrative appeal. On February 2, 1998, the Board denied Petitioner's appeal. Petitioner then requested that Counsel appeal the denial of the request for administrative relief to this Court. On February 25, 1998, Counsel filed a petition for review with this Court, pursuant to Petitioner's request.

■ In his petition for review, Petitioner contends that the denial of relief from the Board's order revoking parole constitutes an error of law, a violation of Petitioner's rights and is not supported by substantial evidence. Specifically, Petitioner argues that the Board failed to give him credit for all time served solely under its warrant and that the Board improperly and illegally recommitted him beyond the period of his maximum sentence.

Thereafter, Counsel filed an application for leave to withdraw with this Court. Accompanying Counsel's application was a letter to the Court with a copy to Petitioner dated May 14, 1998, in which Counsel detailed the reasons why he found that the appeal lacked merit and was frivolous. Specifically, Counsel's letter states:

> The Pennsylvania Board of Probation and Parole cited *Young v. Pennsylvania Board of Probation and Parole,* 487 Pa. 427 [428], 409 A.2d 843 (1979). This Pennsylvania Supreme Court case sets forth the basic considerations for recommitment of a parolee after the expiration of the maximum sentence. The Commonwealth Court in *Anderson v. Cuyler,* 325 [35] Pa. Cmwlth. 297, 386 A.2d 169 (1978) held:

>> It is irrelevant that the Board lifted its detainer and equally irrelevant he was not convicted until expiration of his maximum sentence.

> *Anderson, Ibid.,* is on point with Mr. Johnson's case. Additionally, more recently, in *Holland v. Pennsylvania Board of Probation and Parole,* 163 Pa.Cmwlth. 258, 640 A.2d 1386 (1994) the court again held the validity of recommitment of a parolee for a commission of a crime during his supervision but after his maximum sentence had expired.

> Additionally, the Board correctly calculates the [P]etitioner's recommitment time credits. The period when the detainer was lifted until it was re-lodged could not be counted toward the backtime. Nor is the [P]etitioner entitled to time credit after the reinstatement of the Board's detainer for his failure to post bail. The record does not reveal any other issues that may be raised on Mr. Johnson's behalf.

(Counsel's no-merit letter attached to his application for leave to withdraw at 4–5).

■ In *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), our Supreme Court set forth the proper procedure to be followed when court-appointed counsel seeks to withdraw from representation on the basis that issues raised by the petitioner are frivolous. This Court has interpreted *Turner* as requiring counsel to file a no-merit letter containing (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is frivolous. *Vandermark v. Pennsylvania Board of Probation and Parole,* 685 A.2d 628 (Pa. Cmwlth.1996); *Epps v. Pennsylvania Board of Probation and Parole,* 129 Pa.Cmwlth. 240, 565 A.2d 214 (1989). Counsel must satisfy these requirements before we may consider any request to withdraw an appearance. *Vandermark.*

■ In reviewing an application for leave to withdraw, this Court must make an independent evaluation of the proceedings before the Board to determine whether the petitioner's appeal is wholly frivolous. *Id.* A wholly frivolous appeal is one that is completely devoid of points that might arguably support an appeal. *Congo v. Pennsylvania Board of Probation and Parole,* 104 Pa.Cmwlth. 511, 522 A.2d 676 (1987). If the petitioner's appeal is in fact frivolous, counsel's request for leave to withdraw will be granted.

This Court concludes that Counsel's assertions set forth in his no-merit letter are correct and the no-merit letter prepared by Counsel satisfies the mandates of *Turner* and the cases interpreting such. After an independent review of the record, we agree with Counsel that Petitioner's appeal is wholly frivolous and we grant Counsel's petition for leave to withdraw. Furthermore, because we conclude that no basis for relief exists, we affirm the Board's denial of administrative relief.

### ORDER

AND NOW, this 16th day of September, 1998, the application filed by Kent D. Watkins, Esquire, for leave to withdraw as coun-

sel for Stanley Johnson (Petitioner) is granted. The order of the Pennsylvania Board of Probation and Parole dated February 2, 1998, denying Petitioner's request for administrative relief is AFFIRMED.