**Gerald FUNK, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 22, 2002. Decided April 3, 2002.

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

Robert Campolongo, Harrisburg, for respondent.

Before LEADBETTER, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Before this Court is a petition to withdraw filed by Harry J. Cancelmi, Jr., Esquire (Counsel). Counsel is the Public Defender for Greene County and represents Gerald Funk (Petitioner) in the present case. Petitioner has filed a petition for review in this Court seeking review of a decision of the Pennsylvania Board of Probation and Parole (Board), denying Petitioner's request for administrative relief after the Board recommitted him to serve twelve months backtime as a convicted parole violator (CPV). For the reasons set forth in this opinion, we deny Counsel's petition to withdraw without prejudice and direct Counsel to refile the application once he has complied with the requirements of *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988).

The facts as we can discern them from the record are as follows. On December 12, 1997, the Board recommitted Petitioner to serve two months, twenty-two days backtime as a CPV and set a date of February 10, 1998, for Petitioner's eligibility for reparole.[1] The decision recorded Petitioner's parole violation maximum date as February 2, 2000. (R. at 27). Petitioner did not appeal this decision of the Board. Petitioner was later released on parole on February 10, 1998.

It appears from the record that, while on parole, Petitioner was arrested on September 25, 1998. The record is unclear, however, as to the charges surrounding this arrest. Thereafter, the Board lodged a warrant to commit and detain Petitioner pending the disposition of criminal charges.[2] On September 14, 1999, the Board recommitted Petitioner to serve twelve months backtime as a CPV for the offenses of criminal trespass and theft.[3]

---

1. The Board's decision was recorded on December 11, 1997, and mailed on December 23, 1997. We will hereinafter refer to the Board's order as "the recalculation order of December, 1997."

2. The warrant indicates that it is related to charges for loitering and prowling and con-

spiracy to commit burglary. Whether these are the charges forming the basis for the September 25, 1998, arrest is unclear.

3. The Board's notice of decision which recommitted Petitioner did not contain a recalculation of Petitioner's maximum violation date.

Petitioner appealed, arguing that he was not under the custody and jurisdiction of the Board because his maximum sentence date had expired. Petitioner essentially disputed the maximum violation date of February 2, 2000, recorded in the Board's order of December, 1997.[4] Petitioner contacted the Office of Public Defender of Greene County at which time Counsel began to represent Petitioner. On October 21, 1999, the Board denied Petitioner's appeal.[5] It is unclear whether Petitioner filed a petition for review with this Court.

On December 18, 2000, Petitioner was convicted of aggravated assault, rape and robbery. A revocation hearing was held on April 11, 2001, at which Petitioner, represented by Counsel, argued that he was not under custody or jurisdiction of the Board because his maximum sentence date had expired at the time he committed the offenses. On April 26, 2001, the Board rendered a decision referring to the Board's action dated September 14, 1999, which recommitted Petitioner as a CPV to serve twelve months backtime, and further recommitted Petitioner to serve the unexpired term for the offenses for which he was convicted in December of 2000, concurrently. (R. at 96). Petitioner appealed and the Board denied his request for administrative relief, concluding that Petitioner was collaterally attacking the recalculation order of December, 1997.

Petitioner, through Counsel, filed a petition for review raising the following issues:

4. Respondent issued an order of April 26, 2001, referring to the recommitment of the Parolee to the Northumberland County Prison as a convicted parole violator to serve 12 months [action 09/14/99], and recommitted the parolee as a convicted parole violator to serve unexpired term concurrently, when available. A Copy is marked Exhibit A.

5. Petitioner sought an administrative appeal with the Board, which appeal was denied by the Board *by decision dated November 2, 1992.* A copy of the Board's denial of Petitioner's administrative appeal is attached hereto as Exhibit B.[6]

6. The decision of the Board is in error because:

A. The parolee was not under parole supervision at the time of the commission of the convicted offense.

B. The parolee had served the entire sentence at # 18367 Northumberland County for seven to thirty-five months and the Board of Probation and Parole had no jurisdiction over the parolee.

C. Parolee's rights to due process of law pursuant to the Pennsylvania Constitution, Statute, and administrative rules and regulations were violat-

---

**4.** We emphasize that Petitioner did not appeal the Board's recalculation order of December, 1997.

**5.** The Board's order provides:
In your request you allege that the Board erroneously extended your parole violation maximum date. The Board Action mailed September 21, 1999, did not provide a recalculation of your parole violation maximum date.
. . .
Furthermore, the extended parole violation maximum date you refer to was first provided in a Board Action mailed Decem-

ber 23, 1997. The administrative appeal was not filed within the time prescribed by the Board's regulations and therefore must be dismissed as untimely. 37 Pa.Code § 73.1(a)(1).
(Counsels' Petition to Withdraw, Attachment).

**6.** Counsel's reference to the date of the Board's denial as November 2, 1992, is no doubt in error. We can only assume that the correct date of the Board's denial of administrative relief at issue is June 18, 2001, since Counsel attached this letter as Exhibit B.

ed by the action of the Board as set forth in administrative appeal addressed to the Board and as set forth at the hearing in this matter.

(Petition for Review, pp. 1–2)(emphasis supplied).

After reviewing the merits of Petitioner's appeal, Counsel sent Petitioner a letter dated December 4, 2000, which provides:

On December 12, 1997, as recorded on December 11, 1997 the Board rendered a decision with a 'green sheet' mailing date of December 23, 1997 to recommit you to Northumberland County Prison as convicted parole violator to serve 2 months, 22 days backtime, and to reparole on February 10, 1998, noting your **'parole violation maximum date: 02/02/00'**. No appeal was taken from this decision.

You were released on parole on February 10, 1998.

You were arrested by the police in Union County on August 4, 1999 in the matter captioned at No. 175 of 1999 in which you were subsequently convicted on December 18, 2000 and sentenced for Aggravated Assault, Rape, and Robbery on January 17, 2001 for a period of ten years to 20 years consecutive to any sentence which you were currently serving.

The Board issued a Warrant to Commit and Detain you on September 29, 1998 after a decision to detain pending disposition of the new criminal charges. Subsequently, you were ordered recommitted 'as a convicted parole violator to serve unexpired term, concurrently, when available' by the Green Sheet with mailing date of May 1, 2001.

It is from that decision that you filed your administrative appeal, which was denied by the decision of June 18, 2001

which, is now under review by the Commonwealth Court.

As I understand it, you allege that you were *not* 'on parole' on September 11, 1998. Therefore, you argue that the Pennsylvania Board of Probation and Parole did not have jurisdiction over you at the time of the commission of the crime for which your parole was revoked due to a new conviction.

*First*, I am sorry to say that based upon the above summary and my review of the record I do not believe that under a review of the record of the matter that this argument has any merit. See the reference to the Green Sheet with mailing date of December 23, 1997.

*Second*, by another Green Sheet dated September 14, 1999, with mailing date of September 21, 1999, you were recommitted to the Northumberland County Prison as a convicted parole violator to serve 12 months backtime. You filed an administrative appeal of the December 23, 1997 recalculation order. You wrote to the Public Defender's office. You sent an application for Public Defender to the office on October 31, 1999. Unfortunately, the Office of the Public Defender did not know that you had already received a denial of your appeal from the Board on October 21, 1999. On December 10, 1999, the Office of the Public Defender wrote to you to ask if you received your decision from the Board. You indicated that you sent the Office of the Public Defender a copy of the decision on December 11, 1999. The Office of the Public Defender has no record of the receipt of this letter. In any case, the time for the appeal has already passed when you notified us of the decision. I do not believe that there is any valid claim of ineffective assistance of counsel under these circumstances, because the Board clearly calculated your maximum date on December 23, 1997.

You took no appeal from that decision and that subsequent appeal was dismissed as untimely under 37 Pa.Code 73.1(a)(1). To the extent that you still may have some ineffective assistance of counsel claim, I cannot raise and argue the ineffectiveness of my own office.

*Finally,* I am somewhat at a loss to understand your 'boiler plate' complaints that the Board did not file a detainer, did not file formal charges, did not notify you, did not serve you with a notice of the violation, issued no warrant, and somehow acted in an untimely fashion.

Although I have a mini-brief that you filed with the hearing officer, and although I have asked you to supply me with any new reasons why the petition for review should be pursued as a non-frivolous appeal, I have not received anything to persuade me that you have a basis to successfully prosecute the appeal.

Because I am loathe to withdraw from a case because I may have misunderstood your argument, I want you to review the enclosed materials, and advise if there is anything that you believe that I have overlooked that supports your position. **Please review the materials and advise immediately.** Our brief (or my application to withdraw) will be due on **December 17, 2001.** If I do not receive any new information, it is my intention to apply for leave to withdraw from your case. Nevertheless, I shall ask the court to allow you the opportunity to submit any argument to them directly.

(Counsels' "no-merit letter," pp. 1–2)(emphasis in original).

Thereafter, Counsel filed a petition to withdraw with this Court which provides:

4. On December 12, 1997, as recorded on December 11, 1997 the Board rendered a decision with a 'green sheet' mailing date of December 23, 1997 to recommit Funk to Northumberland County Prison as convicted parole violator to serve 2 months, 22 days backtime, and to reparole on February 10, 1998, noting your **'parole violation max date: 02/02/00'.** No appeal was taken from this decision.

(Certified Record 27, 28, 29).

5. By subsequent Board action mailed September 21, 1999 (Certified Record, 50), the Board recommitted Funk to the Northumberland County Prison as a convicted parole violator when available to serve 12 months backtime for the criminal convictions of criminal trespass and theft established in a court of record. Funk did file an administrative appeal from this decision which alleged that he was not under the custody and jurisdiction of the board because his maximum sentence had expired. The Board denied this appeal. (See attachment below.)

6. Counsel's opinion is that the parolee is again collaterally attacking a recalculation order mailed December 23, 1997 that announced a recalculation maximum term expiring February 2, 2000. Parolee did not appeal from this decision within the time prescribed by the Board's regulations and therefore the Board has dismissed or properly fails to consider such appeal at this time as untimely. Funk is improperly arguing that the Board erred in 1997 when it recalculated that maximum release date to February 2, 2000.

(Petition to Withdraw, pp. 1–2).

In *Turner,* 518 Pa. 491, 544 A.2d 927 (1988), our Supreme Court set forth the proper procedure to be followed when court-appointed counsel seeks to withdraw from representation on the basis that issues raised by the petitioner are frivolous. This Court has interpreted *Turner* as re-

quiring counsel to file a no-merit letter containing (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is frivolous. *Vandermark v. Pennsylvania Board of Probation and Parole*, 685 A.2d 628 (Pa.Cmwlth.1996); *Epps v. Pennsylvania Board of Probation and Parole*, 129 Pa.Cmwlth. 240, 565 A.2d 214 (1989).

Counsel must satisfy these requirements before we may consider any request to withdraw an appearance. *Vandermark.* Moreover, in reviewing a petition to withdraw, this Court must make an independent evaluation of the proceedings before the Board to determine whether the petitioner's appeal is wholly frivolous. *Id.* A wholly frivolous appeal is one that is completely devoid of points that might arguably support an appeal. *Congo v. Pennsylvania Board of Probation and Parole*, 104 Pa.Cmwlth. 511, 522 A.2d 676 (1987). If the petitioner's appeal is in fact frivolous, counsel's petition to withdraw will be granted.

In the instant case, it is unclear from the record which decision of the Board Petitioner is appealing. The petition for review appears to set forth an incorrect date (November 2, 1992). This Court can only assume, based on Exhibit B of the petition, that it is the June 18, 2001, denial of administrative relief which is at issue. This assumption is buttressed by Counsel's statement in his no-merit letter that the June 18, 2001, decision "is now

under review by the Commonwealth Court." (Counsel's no-merit letter, pp. 1).

Moreover, we are of the opinion that counsel's no-merit letter does not fulfill the criteria set forth in *Turner.* While the letter does set forth the nature and extent of counsel's review and the issues Petitioner wishes to raise, it is deficient with regard to counsel's analysis. Absent in the letter is any detailed indication of why the assertion that Petitioner was not under parole supervision at the time of the offense is frivolous.[7] Also missing is an analysis of the alleged due process violations. Consequently, we must conclude that the no-merit letter is defective and we will deny his petition to withdraw as counsel. Furthermore, until such time as Counsel complies with the requirements of *Turner,* we will not carry out an independent examination of the merits of Petitioner's appeal.

### ORDER

AND NOW, this 3rd day of April, 2002, the petition filed by Harry J. Cancelmi, Jr. (Counsel), to withdraw as counsel for Gerald Funk (Petitioner) is denied without prejudice. Counsel is given thirty days from the date of this order to comply with the requirements of *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988) and to refile his petition to withdraw or, in the alternative, to file a brief on the merits.

---

**7.** Counsel's statement "See reference to Green Sheet with mailing date of December 23, 1997" is simply insufficient. To the extent this portion of the letter is meant to address Petitioner's parole status and the Board's jurisdiction, the Court presumes counsel is indicating that Petitioner is improperly collaterally attacking the December, 1997 recalculation order. It goes without

saying that if the Court has difficulty deciphering Counsel's statements, Petitioner must be equally if not more perplexed. What is more, counsel's statements in the letter concerning the September 14, 1999, Green Sheet appears to address an issue relating to ineffective assistance of counsel. This issue does not appear to have been raised in the petition for review.