J-S40011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BOBBY JENE RIDDICK, JR. | |
| Appellant | No. 3179 EDA 2015 |

Appeal from the PCRA Order September 8, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002497-2010

BEFORE:  BOWES, MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 15, 2016**

Bobby Jene Riddick, Jr., appeals *pro se* from the September 8, 2015 order denying him PCRA relief.  We affirm.

On May 26, 2011, a jury convicted Appellant of second-degree murder, robbery, burglary, conspiracy to commit robbery, and conspiracy to commit burglary.  We summarize the trial evidence.  Early in the morning on July 15, 2008, Appellant, his mother Terrie Collopy, Marcus Breeland, and Alvin Volney, who was the boyfriend of Appellant's mother, were in Collopy's apartment in Allentown.  They decided to rob David Walterick, who sold marijuana.  Volney knew Walterick and where he stored his drug money and had successfully robbed Mr. Walterick on a previous occasion.  Volney gave

Appellant a gun, but Volney did not accompany the other actors to the scene since Mr. Walterick and his wife Leanne knew Volney.

At approximately 3:00 a.m., Collopy drove Appellant and Breeland to the Allentown residence of the Waltericks, who were having coffee together before Mr. Walterick left for work. Appellant and Breeland, wearing dark hooded shirts tied tightly around their faces, broke into the home. Appellant had the gun Volney had given him, pointed it at Leanne, and demanded money. Mr. Walterick rose to protect his wife, and Appellant shot him in the head, killing him. The co-conspirators fled back to Collopy's residence, and Volney cleaned Appellant's clothing and disposed of the weapon.

At trial, Breeland testified that Appellant was the shooter. Appellant's handprint was found on the interior glass door leading to the main entrance to the home. Burheen Darrell Smith testified that he knew Appellant, discussed the shooting with him, and Appellant admitted that he fired the shot that killed the victim. Dwayne Meyers related to the jury that in November 2008, Appellant told Meyers that he was involved in a burglary and robbery that had an unsuccessful outcome and that he shot the homeowner.

Appellant was sentenced to life imprisonment. On appeal, we affirmed. *Commonwealth v. Riddick*, 63 A.3d 830 (Pa.Super. 2012) (unpublished memorandum). Appellant petitioned for allowance of appeal *nunc pro tunc*, the Supreme Court permitted Appellant to file that pleading,

with the petition for allowance of appeal ultimately denied on November 15, 2013. *Commonwealth v. Riddick*, 80 A.3d 776 (Pa. 2013). Appellant filed a timely *pro se* PCRA petition on October 22, 2014, and counsel was appointed. On January 21, 2015, counsel filed a petition to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley,* 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After counsel was permitted to withdraw, Appellant represented himself at a PCRA hearing held on August 27, 2015. The PCRA court denied relief on September 8, 2015, and this appeal followed.

Appellant's two and one-half page brief violates all of the applicable rules of appellate procedure.[1] It contains neither a procedural nor a factual history of this case. The brief also lacks a statement of jurisdiction, the applicable standard of review, a statement of the questions involved, and a table of cited authorities. The document contains two legal citations that are marginally relevant. Nevertheless, we will address the decipherable position presented therein.

Appellant avers that the assistant district attorney committed misconduct at trial in that he knowingly allowed false testimony from Marcus

---

[1] Appellant maintains in his brief that he was sixteen years old in 2007, which raises a concern regarding whether he was a seventeen-year-old juvenile when this July 15, 2008 murder transpired. Our review of the record establishes that Appellant was born on June 7, 1990; he thus committed the crime several weeks after becoming eighteen.

Breeland and Dwayne Meyers to remain uncorrected. The following facts are pertinent. At trial, Breeland denied that he ever admitted to being the triggerman. At the PCRA hearing, the assistant district attorney acknowledged that, at the crime scene, Breeland told Collopy that he shot Mr. Walterick. The prosecutor continued that Breeland made that statement to Collopy, Appellant's mother, only because she had heard the gunshot and was upset. The prosecutor reported that Breeland immediately corrected himself and "said no, no, I wasn't the shooter," and that, after Breeland retracted his statement to Collopy, "[Appellant] then told Terrie Collopy that he was the shooter." N.T. PCRA Hearing, 8/27/15, at 57. Thus, the record indicates that Breeland's admission to Collopy was a lie that was instantly recanted. Appellant's second position is premised upon an allegation that Meyers perjured himself at trial by indicating that he met Appellant in 2007 in the Allentown area whereas Appellant lived in Philadelphia in 2007. Our review of the trial transcript establishes that Meyers indicated that he became acquainted with Appellant in 2008. N.T. Trial, 5/24/11, at 158.

We conclude that Appellant's claim of prosecutorial misconduct is waived. The PCRA provides that "[t]o be eligible for relief under [the PCRA], the petitioner must plead and prove . . . . [t]hat the allegation of error has not been . . . waived." 42 Pa.C.S. § 9543 (a)(3). For purposes of the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so . . . on appeal[.]" 42 Pa.C.S. § 9544(b). Appellant could have raised on

- 4 -

direct appeal his position that the prosecutor allowed perjured testimony from Breeland and Myers to go uncorrected. Additionally, Appellant does not frame his contention in terms of trial counsel's ineffectiveness for failing to object to this purported prosecutorial misconduct in order to overcome waiver. Finding Appellant's present position on appeal waived, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/15/2016