**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ANGEL KANE | : | |
| | : | |
| Appellant | : | No. 741 MDA 2016 |

Appeal from the PCRA Order April 14, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002727-2011

BEFORE: OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 19, 2017**

Todd Angel Kane appeals, *pro se*, from the order entered April 14, 2016, in the Luzerne County Court of Common Pleas, denying his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Kane seeks relief from the judgment of sentence of an aggregate term of 29 to 72 months' imprisonment, imposed on January 17, 2013, following his jury conviction of burglary, criminal trespass and criminal mischief.[2] On appeal, Kane raises a myriad of claims challenging, *inter alia*, the sufficiency of the evidence, the trial court's denial of his pretrial motion to suppress a statement, and the ineffective assistance of trial counsel. Because we conclude all of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3502(a), 3503(a)(1)(ii), ad 3304(a)(5), respectively.

Kane's issues have been either previously litigated or waived, we affirm the order denying PCRA relief.

The facts underlying Kane's conviction are well-known to the parties and recounted in the memorandum decision affirming Kane's conviction on direct appeal. *See Commonwealth v. Kane*, 102 A.3d 538 (Pa. Super. 2014) (unpublished memorandum at 2-3). Therefore, we need not reiterate them in detail herein. To summarize, Kane broke into his ex-girlfriend's house, and caused nearly $3,000.00 in damage to her property. *See id.* On November 29, 2012, he was convicted by a jury of burglary, criminal trespass and criminal mischief. Thereafter, on January 17, 2013, the trial court sentenced him to a term of 29 to 72 months' imprisonment for burglary, and a concurrent term of 15 to 60 months' imprisonment for criminal trespass.[3] The court also ordered Kane to pay $2,840.00 in restitution. Kane filed timely post-trial motions, which the court promptly denied.

Thereafter, Kane filed a direct appeal, challenging the sufficiency and weight of the evidence supporting his convictions and both the legality and amount of restitution. *See id.* at 3-4. On April 22, 2014, a panel of this Court affirmed the judgment of sentence, concluding all of Kane's claims were meritless. *See id.* Kane filed a petition for allowance of appeal in the

---

[3] The court determined the criminal mischief conviction merged for sentencing purposes.

Pennsylvania Supreme Court, which was denied on September 30, 2014. ***See Commonwealth v. Kane***, 101 A.3d 102 (Pa. 2014).

On October 15, 2015, Kane filed the instant PCRA petition, *pro se*. Counsel was appointed, but later filed a motion to withdraw as counsel and ***Turner***/***Finley***[4] "no merit" letter. Following a hearing on April 14, 2016, the trial court entered an order denying Kane's PCRA petition and granting counsel's motion to withdraw. This timely *pro se* appeal followed.[5]

Our review of an order denying PCRA relief is well-established: "[W]e examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016). In order to be eligible for PCRA relief, a petitioner must plead and prove, *inter alia*, "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). Pursuant to Section 9544, an issue has been "previously litigated if … the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). Furthermore, an issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction

---

[4] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] On May 10, 2016, the PCRA court ordered Kane to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After receiving an extension of time, Kane filed a concise statement on August 26, 2016.

proceeding." 42 Pa.C.S. § 9544(b). Moreover, in order to preserve an issue for appellate review, a petitioner must also include the claim in his PCRA petition. *See Commonwealth v. Baumhammers*, 92 A.3d 708, 731 (Pa. 2014) (explaining, "waiver cannot be avoided solely by reference to [petitioner's] Concise Statement of Matters Complained of on Appeal, as such a statement, which is provided after the notice of appeal has already been filed, cannot operate to add new substantive claims that were not included in the PCRA petition itself.").

Our review of the briefs, the relevant statutory and caselaw, and the certified record reveals all of the issues Kane raises on appeal are either previously litigated or waived. First, Kane argues the trial court erred in denying his post-trial motion challenging the weight and sufficiency of the evidence and the amount of restitution. *See* Kane's Brief at 6-14. These issues were rejected by this Court in Kane's direct appeal, and are, therefore, previously litigated for purposes of PCRA review. *See Kane*, *supra*, 102 A.3d 538 (unpublished memorandum at 3-10); 42 Pa.C.S. § 9544(a)(2).

Next, Kane contends the trial court erred in denying his pretrial suppression motion and post-trial motion to modify his sentence, and that the Commonwealth's information was not specific enough to allege the crime he purportedly intended to commit during the burglary. *See* Kane's Brief at 15-

16. These claims are waived because Kane could have raised them on direct appeal, but failed to do so.[6]  *See* 42 Pa.C.S. § 9544(b).

Kane's remaining claims assert trial counsel's ineffectiveness, a purported *Miranda*[7] violation, and an allegation the Commonwealth fabricated evidence of a telephone call.[8]  *See* Kane's Brief at 17-25.  None of these issues were included in Kane's PCRA petition.  Accordingly, they are waived on appeal.[9]  *See Baumhammers*, *supra*.

Because we have concluded that all of the issues raised in Kane's appellate brief were either previously litigated or waived, we conclude the PCRA court did not err in dismissing Kane's petition.

Order affirmed.

_____

[6] Kane does not raise these issues in the context of the ineffective assistance of counsel.

[7] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[8] It merits mention that Kane presents these claims in an outline format, with minimal, if any, discussion and no citation to the record.  *See* Kane's Brief at 17-25.  For that reason alone, we could find these claims waived.  *See* Pa.R.A.P. 2119(a), (c).

[9] We note the PCRA court addressed some of Kane's ineffectiveness claims in its Pa.R.A.P. 1925(a) opinion.  *See* PCRA Court Opinion, 7/7/2016, at 6-7. However, it is well-settled that we may affirm the decision of the PCRA court on any basis.  *Commonwealth v. Grove*, 170 A.3d 1127, 1139 (Pa. Super. 2017).  Moreover, had Kane included his *Miranda*, and fabricated evidence challenges in his petition, those issues would still be waived because they could have been raised on direct appeal.  *See* 42 Pa.C.S. § 9544(b).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/19/2017</u>