IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin Omar Buxo,             :
           Petitioner      :
                         :
      v.                   :
                         :
Pennsylvania Parole Board,    :     No. 1202 C.D. 2020
           Respondent   :     Submitted: April 1, 2021


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: October 22, 2021


      Edwin Omar Buxo (Buxo)[1] petitions for review of the Pennsylvania Parole Board's (Board) October 30, 2020 decision partially denying his request for administrative relief challenging the recalculation of his parole violation maximum sentence date. Buxo's counsel (Counsel) asserts that the appeal is without merit and seeks permission to withdraw as counsel. For the foregoing reasons, we deny Counsel's request without prejudice and order Counsel to file an amended petition to withdraw and "no-merit" letter within 30 days.

      In 2012, Buxo pleaded guilty to the offense of carrying a firearm without a license and submitted a "revocation" plea to the offense of aggravated assault with a deadly weapon and a drug-related offense. Sentence Status Summary,

---

[1] We note that Buxo is also identified throughout the certified record as Edwin Omar Buxo-Rios. *See, e.g.*, Criminal Complaint Executed 12/3/17, Certified Record (C.R.) at 14.

11/1/12 at 1, Certified Record (C.R.) at 1.[2] Buxo received an aggregate sentence of four to nine years' imprisonment. *Id.* at 1-2, C.R. at 1-2. In 2017, the Board paroled Buxo to a specialized community corrections center with violence prevention programming. Notice of Board Decision, 1/20/17 at 1, C.R. at 4; *see also* Order to Release on Parole, 1/20/17 at 1, C.R. at 7.

Later that same year, the Board issued a warrant to commit and detain Buxo on the basis of various drug-related charges after he admitted during a traffic stop to having drugs in his possession. *See* Affidavit of Probable Cause at 1-2, C.R. at 40-41; *see also* Response to Administrative Remedies Request, 10/30/20 at 1, C.R. at 111; Warrant to Commit and Detain, 12/3/17, C.R. at 13; Criminal Complaint, 12/3/17, C.R. at 14. Buxo elected to waive the right to a parole revocation hearing and to assistance of counsel at the hearing and was afforded unsecured bail. *See* Offender Rights at Board Hearings, C.R. at 28; Waiver of Revocation Hearing and Counsel/Admission Form, 5/1/2018, C.R. at 29; Waiver of Representation by Counsel, C.R. at 30; Criminal Docket Printed 7/11/18 at 2, C.R. at 54. Buxo subsequently pleaded guilty to driving in excess of the speed limit and to various drug-related offenses. Guilty Plea, 3/23/18 at 1, C.R. at 42; *see also* Magisterial District Judge Docket at 3, C.R. at 55.

In 2018, the Board revoked Buxo's parole and recommitted him to a state correctional institution as a convicted parole violator to serve 24 months' backtime, pending sentencing on the criminal charges. Notice of Board Decision, 7/11/18 at 1, C.R. at 57; *see also* Notice of Board Decision, 3/7/19, C.R. at 61. The Board calculated a parole violation maximum date of April 3, 2021. *See* Notice of

---

[2] Buxo was evidently on parole at the time he committed these offenses, as the Sentence Status Summary identifies the offense of aggravated assault with a deadly weapon and the drug-related offense as parole violations. *See* Sentence Status Summary, 11/1/12 at 1, C.R. at 1.

Board Decision, 7/11/18 at 1, C.R. at 57. Buxo was subsequently sentenced to 24 months of State Intermediate Punishment.[3]  *See* Criminal Arrest and Disposition Report at 2, C.R. at 78.

By decision dated May 26, 2020, the Board recommitted Buxo as a convicted parole violator to serve 24 months' backtime, noting a recomputed parole violation maximum date of June 21, 2021. Board Decision, 5/26/20 at 1, C.R. at 82. The Board refrained from awarding Buxo credit for time spent at liberty on parole, due to Buxo's unresolved drug and/or alcohol issues. *Id.* By separate order also dated May 26, 2020, the Board granted Buxo 556 days of backtime credit. Order to Recommit, 5/26/20 at 1, C.R. at 80.

On June 9, 2020, the Board received a letter from Buxo challenging the Board's recalculation of his parole violation maximum date as set forth in its May 26, 2020 decision and asserting that he was entitled to two years, four months and

---

[3] State Intermediate Punishment (SIP) is designed for individuals convicted of drug-related offenses and consists of the following:

> Under SIP, the inmate will serve a flat sentence of 24 months, at least [7] of which will be served in []prison, ([4] of them in a therapeutic community), a minimum of [2] months in a community-based therapeutic community and a minimum of [6] months in outpatient treatment.  The balance of the 24 months consists of supervised reintegration into the community, which involves DOC staff monitoring their progress in the community and some additional services or treatment, based upon their individual needs and progress.
>
> All participants in the SIP program will have an individualized treatment plan.  Progress through the program is based on the assessed need and attainment of goals established for each individual.  A person who fails in the program, due to misconduct or poor progress in treatment, will be subject to resentencing by the court under traditional sentencing guidelines.

*State Intermediate Punishment*, PA. DEP'T OF CORR., https://www.cor.pa.gov/Inmates/Pages/SIP.aspx (last visited Oct. 21, 2021).

three days in backtime credit. Buxo's Letter at 1, C.R. at 84; *see also* Response to Administrative Remedies Request Mailed 10/30/20 at 1, C.R. at 111. Buxo also requested legal representation in the matter. Buxo's Letter at 2, C.R. at 85.[4] Counsel entered an appearance by means of a letter received by the Board on June 25, 2020. *See* Counsel's Letter, Received 6/25/20, C.R. at 104.

By decision mailed October 30, 2020, the Board responded to Buxo's request for administrative review, reversed its May 26, 2020 decision, in part, and granted Buxo one additional day of backtime credit for March 23, 2018, thereby modifying Buxo's parole violation maximum date to June 20, 2021. Response to Administrative Remedies Request Mailed 10/30/20 at 1, C.R. at 111;[5] *see also* Board Decision, 10/28/20, C.R. at 108; Order to Recommit, 10/28/20 at 1-2, C.R. at 109-10.

On November 24, 2020, Buxo, through counsel, petitioned this Court for review of the Board's October 30, 2020 decision, asserting that the Board failed to give him credit for all time served exclusively to its warrant. Petition for Review at 1-2, ¶¶ 4-5.[6] Buxo also filed an application for leave to proceed *in forma pauperis* pursuant to Pennsylvania Rule of Appellate Procedure 553, which the Court granted.

---

[4] Buxo also questions why the Board referred to its prior decision as recorded on July 22, 2018, as opposed to July 11, 2018. Buxo's Letter, Received 6/9/20 at 1, C.R. at 84.

[5] The Board stated that it would not consider Buxo's letters received June 18, 2020 and August 25, 2020, as they constituted second or subsequent requests for relief. *See* Response to Administrative Remedies Request, Mailed 10/30/20 at 1, C.R. at 111 (citing 37 Pa. Code § 73.1); *see also* Buxo's Letter, Received 6/18/20 at 1, C.R. at 95; Buxo's Letter, 8/25/20 at 1, C.R. at 106.

[6] Our scope of review of a decision of the Board denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

4

Application for Leave to Appeal in Forma Pauperis, 11/24/20; Cmwlth. Ct. Order, 12/2/20.

On January 13, 2021, Counsel submitted an application to withdraw from representation of Buxo, asserting that his review of the certified record revealed that Buxo's appeal is frivolous and lacks merit. Application to Withdraw as Counsel, 1/13/21 at 2, ¶¶ 5-7 (citing *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988)). Counsel also submitted a "no-merit" letter,[7] asserting that the Board's denial of credit for time spent by Buxo at liberty on parole on the basis of Buxo's unresolved drug and/or alcohol issues was sufficiently specific. "No-Merit" Letter at 5-6, 1/13/21 (citing *Smoak v. Talaber*, 193 A.3d 1160, 1165 (Pa. Cmwlth. 2018)). Thus, Counsel concluded on the basis of his "exhaustive examination of the certified record, and research of applicable case law," that Buxo's appeal from the revocation of his parole lacked merit. *Id.* at 6. Counsel noted that he sent Buxo a copy of the

---

[7] Counsel seeking to withdraw from a matter not involving a constitutional right to counsel, such as an appeal from a Board decision recalculating a parolee's parole violation maximum date, may submit a "no-merit" letter. *See Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009). However, in cases implicating a constitutional right to counsel, counsel seeking to withdraw from representation of a petitioner in an appeal of a determination of the Board must file a brief demonstrating that the matter is "wholly frivolous" in accordance with the more stringent standard set forth in *Anders v. California*, 386 U.S. 738 (1967). *See id.* at 25; *see also Anders*, 386 U.S. at 744; *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985) (citing *Commonwealth v. Greer*, 314 A.2d 513, 514 (Pa. 1974)) (explaining that "'[w]holly frivolous' has been defined by our Supreme Court as a complete lack of points present that might arguably support an appeal," and that "[t]he lack of merit in an appeal is not the legal equivalent of frivolity"). A constitutional right to counsel requiring submission of an *Anders* brief arises where a petitioner raises a:

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)).

"no-merit" letter in order to advise him of his right to obtain substitute counsel or to proceed *pro se*. *Id.* at 6-7.[8]

On January 15, 2021, this Court issued an order stating that it would consider Counsel's petition for leave to withdraw as counsel along with the merits of Buxo's petition for review. This Court directed that Buxo could, within 30 days after service of the order on him, either obtain substitute counsel at his own expense or file a brief on his own behalf. Cmwlth. Ct. Order, 1/15/21. No substitute counsel has entered an appearance, and Buxo has not filed a brief on his own behalf.

Counsel seeking to withdraw on the basis that petitioner's claim lacks merit must, after "zealously" reviewing the case, submit a "no-merit" letter detailing: (i) the nature and extent of the counsel's diligent review; (ii) each issue the petitioner wished to raise; and (iii) counsel's explanation as to why those issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 959-60 (Pa. Cmwlth. 2009) (citing *Turner*, 544 A.2d 927). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has a substantive reason for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996); *see also Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009) (stating that "a ["]no-merit["] letter must substantively address each of the petitioner's arguments, rather than baldly stating that the claims are without merit"). Counsel must also send the petitioner: (i) a copy of the "no-merit" letter; (ii) a copy of counsel's petition to withdraw; and (iii) a statement advising petitioner of the right to proceed *pro se* or by new counsel. *Zerby*, 964 A.2d at 960. Once counsel has complied with the

---

[8] On January 13, 2021, Counsel submitted to this Court a certificate of service certifying that he sent a copy of the application to withdraw and the "no-merit" letter to Buxo by "First-Class Mail." *See* Certificate of Service, 1/13/21.

requirements, the court will "make an independent evaluation of the proceedings before the [B]oard to determine whether [petitioner's] appeal is meritless." *Wesley v. Pa. Bd. of Prob. & Parole*, 614 A.2d 355, 356 (Pa. Cmwlth. 1992) (quoting *Frankhouser v. Pa. Bd. of Prob. & Parole*, 598 A.2d 607, 608-09 (Pa. Cmwlth. 1991)).

As noted above, a "no-merit" letter must address *each issue* the petitioner wished to raise and provide counsel's explanation as to why *those issues* are meritless. *See Zerby*, 964 A.2d at 959-60. Here, Counsel inexplicably fails to address in his "no-merit" letter the sole issue raised in the petition for review filed by Counsel on behalf of Buxo. The petition for review challenges the Board's decision not to grant Buxo "credit for all time served exclusively to its warrant." Petition for Review at 1-2, ¶ 5. Counsel's "no-merit" letter, however, states the issue on appeal as whether the Board provided a sufficiently specific reason to deny Buxo credit "for [] time spent at liberty on parole[.]" "No-Merit" Letter, 1/13/21 at 5. Although these two issues both pertain to the calculation of Buxo's parole violation maximum date, they are, nevertheless, independent and distinct—the former involving credit for time spent in custody and the latter pertaining to credit for time spent at liberty on parole. *Compare Passarella v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 171 C.D. 2020, filed Dec. 8, 2020), slip op. at 8-9[9] (identifying assertion in petition for review that the Board failed to grant petitioner credit "for all time served exclusively to its warrant" as a challenge to the amount of time credited by the Board towards petitioner's original term of imprisonment on the basis of period during which petitioner was held solely on the Board's detainer), *with Smoak*, 193 A.3d at 1163 (challenging the Board's exercise of its discretion to deny parolee

---

[9] This Court's unreported memorandum opinions issued after January 15, 2008 may be cited for their persuasive value. 210 Pa. Code § 69.414(a).

credit for time spent at liberty on parole pursuant to Section 6138 of the Prisons and Parole Code, 61 Pa.C.S. § 6138). We, therefore, conclude that Counsel's "no-merit" letter is deficient, as it fails to address the sole issue raised in Buxo's appeal, much less provide a "substantive reason" why that issue purportedly lacks merit. *See Hill v. Pa. Bd. of Prob. & Parole*, 707 A.2d 1214, 1215 (Pa. Cmwlth. 1998) (emphasis in original) (denying application to withdraw, where counsel's deficient "no-merit" letter "fail[ed] to address each allegation raised by [petitioner] in his petition for review, citing counsel's obligation under *Turner* to ensure that *each of the petitioner's claims ha[d] been considered*"); *Pierce v. Pa. Bd. of Prob. & Parole*, 688 A.2d 754, 755-56 (Pa. Cmwlth. 1997) (denying counsel's petition to withdraw, where petitioner raised four issues but counsel's "no-merit" letter addressed only two); *Vandermark v. Pa. Bd. of Prob. & Parole*, 685 A.2d 628, 629 (Pa. Cmwlth. 1996) (denying counsel's petition to withdraw on basis of defective "no-merit" letter, in which counsel failed to address the sole issue raised in petition for review); *Hont*, 680 A.2d at 48 (denying counsel's petition to withdraw on basis of defective "no-merit" letter, in which counsel addressed only one of three issues raised in petition for review).

Accordingly, we deny Counsel's petition to withdraw from representation of Buxo without prejudice. *See Presley v. Pa. Bd. of Prob. & Parole*, 737 A.2d 858, 862 (Pa. Cmwlth. 1999) (emphasis in original) (where "court-appointed counsel has neglected his or her duty to make a thorough review of the parolee's claims and failed to specifically address *all* of the issues raised by the parolee in an *Anders* brief or a [']no-merit['] letter, counsel's petition to withdraw must be denied"). We direct Counsel to file either an amended "no-merit" letter or

a brief on the merits of the petition for review within 30 days of the date of this decision and order.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin Omar Buxo,                           :
                    Petitioner             :
                                           :
            v.                             :
                                           :
Pennsylvania Parole Board,                 :     No. 1202 C.D. 2020
                    Respondent             :

O R D E R

AND NOW, this 22nd day of October, 2021, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire (Counsel), is DENIED WITHOUT PREJUDICE. Within 30 days of the date of this order, Counsel shall file an amended "no-merit" letter or a brief on the merits of Edwin Omar Buxo's Petition for Review.

_____
CHRISTINE FIZZANO CANNON, Judge