J-S23020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRILL MATOX | : | |
| | : | |
| Appellant | : | No. 2657 EDA 2023 |

Appeal from the Order Entered October 23, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005113-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRILL MATOX | : | |
| | : | |
| Appellant | : | No. 2658 EDA 2023 |

Appeal from the Order Entered October 23, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003980-2021

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY KING, J.: **FILED SEPTEMBER 16, 2024**

Appellant, Terrill Matox,[1] appeals from the order entered in the

Montgomery County Court of Common Pleas, which dismissed his petition filed

pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Some filings refer to Appellant's last name as "Mattox."

9546. We affirm.

The relevant facts and procedural history of this case are as follows. On July 14, 2022, Appellant entered negotiated guilty pleas at the above-captioned docket numbers. Specifically, at docket No. 5113-2020, Appellant pled guilty to one count of possession of a controlled substance with the intent to deliver ("PWID"), in exchange for a sentence of 11½ to 23 months of incarceration.[2] At docket No. 3980-2021, Appellant pled guilty to one count of PWID, in exchange for a sentence of 11½ to 23 months of incarceration,[3] to run concurrent with his sentence at No. 5113-2020. The court accepted Appellant's negotiated guilty pleas and imposed the agreed-upon sentences that day. Appellant did not file a post-sentence motion or direct appeal.

On June 13, 2023, Appellant filed a timely *pro se* PCRA petition at both underlying dockets. On August 15, 2023, appointed counsel filed a **Turner/Finley**[4] no-merit letter and motion to withdraw. On September 11, 2023, the PCRA court sent Appellant notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.

On October 3, 2023, prior to the formal denial of PCRA relief, Appellant filed premature notices of appeal at each underlying docket. On October 23,

_____

[2] With credit for time served from September 13, 2020.

[3] With credit for time served from May 25, 2021.

[4] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

2023, the PCRA court formally denied PCRA relief.[5] The PCRA court did not order, and Appellant did not file, a Pa.R.A.P. 1925(b) concise statement of errors on appeal.

As a preliminary matter, we observe that a PCRA petitioner must be **currently** serving a sentence of imprisonment, probation, or parole for the conviction at issue to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. *Commonwealth v. Soto*, 983 A.2d 212, 213 (Pa.Super. 2009), *appeal denied*, 610 Pa. 577, 17 A.3d 1253 (2011).

Instantly, the court sentenced Appellant on July 14, 2022, to concurrent terms of 11½ to 23 months' imprisonment, with credit for time served. Thus, the record indicates that Appellant has already finished serving his maximum sentence for these crimes.[6] Because Appellant's sentences have expired, he is not eligible for relief under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); *Soto, supra*. Accordingly, we affirm.

Order affirmed.

_____

[5] Appellant's premature notices of appeal relate forward to the date the court formally denied PCRA relief. *See* Pa.R.A.P. 905(a)(5) (stating: "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). On February 23, 2024, this Court consolidated the appeals.

[6] Although Appellant appears to still be incarcerated, nothing in the record indicates that it is still for the crimes at issue. (*See* https:// https://inmatelocator.cor.pa.gov/, last visited September 13, 2024).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/16/2024