J-S11028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIGNO BURGOS | : | |
| | : | |
| Appellant | : | No. 2530 EDA 2017 |

Appeal from the PCRA Order July 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004615-2013

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY MURRAY, J.: **FILED MARCH 21, 2019**

Digno Burgos (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we vacate and remand for an evidentiary hearing.

On January 17, 2014, Appellant entered into a negotiated guilty plea to possession with intent to deliver (PWID), criminal conspiracy and persons not to possess firearms.[1] The trial court imposed a mandatory minimum sentence of five to ten years' incarceration for PWID, and a consecutive term of three years' probation for the firearms offense. No further penalty was imposed for criminal conspiracy. Appellant did not file a direct appeal.

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 903, and 18 Pa.C.S.A. § 6105(a)(1).

On July 1, 2014, Appellant filed the underlying PCRA petition, asserting that plea counsel was ineffective for failing to file a timely post-sentence motion or direct appeal challenging the imposition of a mandatory minimum sentence pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013). Counsel was appointed, but was later removed by the PCRA court for failing to file "anything on behalf of the [Appellant]." Order, 11/3/16. In the meantime, on August 20, 2014, this Court issued its decision in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), which found Pennsylvania's mandatory minimum statutes unconstitutional based on *Alleyne*. On April 1, 2016, Appellant filed an amended *pro se* PCRA petition challenging, *inter alia*, the legality of his sentence under *Alleyne*. On November 3, 2016, the PCRA court appointed Christopher Montoya (Counsel) to represent Appellant; Counsel subsequently filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[2]

Based on Counsel's assessment, the PCRA court issued notice of intent to dismiss Appellant's petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant filed several objections to the court's notice, alleging that Counsel misconstrued *Alleyne* and its progeny, and seeking an

---

[2] The PCRA court granted Counsel's motion to withdraw on October 25, 2017. On October 26, 2017, the court appointed attorney Demetra Mehta, Esq. to represent Appellant; Attorney Mehta has continued to represent Appellant through this appeal.

evidentiary hearing. On July 21, 2017, the PCRA court entered an order dismissing Appellant's petition without a hearing. This timely appeal followed.

Appellant presents the following issue for our review: "Did the PCRA court incorrectly dismiss the PCRA petition without conducting an evidentiary hearing into trial counsel's failure to file an appeal following [Appellant's] sentencing?" Appellant's Brief at 6.

In its opinion, the PCRA court states that "[u]pon painstaking review of this matter, the [PCRA c]ourt is of the opinion that [C]ounsel's assessment was incorrect and an evidentiary hearing on this case is warranted," and asks this Court to remand the case. PCRA Court Opinion, 6/21/18, at 5-9. Citing our decision in **Commonwealth v. Rivera**, 154 A.3d 370 (Pa. Super. 2017) (*en banc*), *appeal denied*, 169 A.3d 1072 (Pa. 2017), the PCRA court explains:

> Appellant was sentenced to a stipulated, mandatory minimum sentence seven months *after* **Alleyne**, but seven months *before* **Newman**. He timely filed a PCRA petition, claiming [ineffective assistance of counsel] for failure to file a direct appeal and challenging his sentence under **Alleyne**. While plea counsel may have had a rational basis to believe that Appellant's sentence was not violative of **Alleyne** (because pre-**Newman** decisions permitted stipulated mandatory sentences via guilty plea) the **Alleyne** decision nonetheless presented a non-frivolous issue for appeal.

PCRA Court Opinion, 6/21/18, at 9. We agree. Accordingly, we reverse the PCRA court's July 21, 2017 order, and remand this case to the PCRA court for an evidentiary hearing and ruling on Appellant's petition.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/19