J-S20004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL NAVEDO | : | |
| | : | |
| Appellant | : | No. 1370 MDA 2020 |

Appeal from the PCRA Order Entered September 25, 2020
In the Court of Common Pleas of Berks County Criminal Division at No(s):  CP-06-CR-0005206-2013

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: AUGUST 16, 2021**

Appellant Angel Navedo appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant contends that plea counsel's ineffectiveness caused him to enter an involuntary and unknowing guilty plea.  We affirm.

The PCRA court summarized the facts and procedural history of this matter as follows:

> On April 21, 2016, [Appellant] pleaded guilty to delivery of a controlled substance, persons not to possess a firearm, and criminal conspiracy.  [Appellant] was sentenced on the same day to a term of six to twelve years [of incarceration].  [Appellant] was represented by Daniel Nevins, Esq. [(plea counsel)] during his plea and sentencing.  [At the time Appellant pleaded guilty, he was on parole for a prior conviction.  The Pennsylvania Board of Probation and Parole subsequently revoked Appellant's parole and recommitted him to two years' backtime for the parole

---

[1] 42 Pa.C.S. §§ 9541-9546.

violation in his prior case. The sentence of six to twelve years' incarceration in the instant case runs consecutively to the two years' backtime for the parole revocation. *See* 61 Pa.C.S. § 6138(a)(5)(i).]

On May 17, 2017, [Appellant] filed a *pro se* PCRA petition. Shortly thereafter, this court appointed Osmer Deming, Esq. to represent [Appellant] in his PCRA petition. On March 12, 2018, Osmer Deming, Esq. filed a "no merit letter" pursuant to **Finley** and **Turner** requesting leave of court to withdraw as counsel. **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) [(*en banc*)]; **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). This court allowed Attorney Deming to withdraw as counsel on March 13, 2018. On April 3, 2018, this court filed a "Notice of the Intention to Dismiss PCRA Petition (In Part)". This notice stated that this court's intention was to dismiss all of the issues in [Appellant's] PCRA [petition] except the issue of the guilty plea colloquy as it related to whether [Appellant] entered a knowing and voluntary guilty plea. This court ordered that [Appellant's] PCRA be dismissed in part on May 10, 2018. On June 19, 2018, this court appointed Lara Hoffert, Esq. to represent [Appellant] in his PCRA proceedings. On October 24, 2018, a hearing was held on the final issue of [Appellant's] PCRA petition.

PCRA Ct. Op., 12/7/20, at 1-2 (footnotes omitted and formatting altered).

At the PCRA hearing, Appellant testified that plea counsel advised him that if he pleaded guilty, he would receive a sentence of six to twelve years' incarceration and would be eligible for parole after six years. N.T. PCRA Hr'g, 10/24/18, at 9, 11-13. Appellant explained that based on advice from plea counsel, he believed that he would be eligible for parole in six years regardless of the back time he might serve if the parole in his other case was revoked. *Id.* at 9-13. Appellant stated that it was his understanding that the back time for his other case would run concurrently with the sentence in the instant case. *Id.* at 10-11, 13. Appellant further testified

that plea counsel did not specifically discuss the implications that the instant guilty plea would have on his existing parole. *Id.* at 12-14.

Debbie Sysenh, Appellant's paramour, testified that plea counsel explained to her that Appellant would be eligible for parole after six years if he pleaded guilty in the instant case. *Id.* at 15-16. According to Ms. Sysenh, Appellant and plea counsel did not discuss the fact that Appellant was currently on parole for another case during any of the meetings she attended. *Id.* at 17-18.

Plea counsel testified that he advised Appellant that it was in his best interest to accept a plea bargain. *Id.* at 22. Plea counsel explained that his representations to Appellant that he would serve six to twelve years' incarceration only referred to the sentence in the instant case. *Id.* at 25-27. Plea counsel testified that he did not recall having a conversation with Appellant about adverse consequences that his guilty plea might cause concerning his concurrent parole in the other case. *Id.* at 24-25, 30-31.

The PCRA court dismissed Appellant's PCRA petition on September 25, 2020.[2] Appellant filed a timely notice of appeal. Appellant subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claim.

_____

[2] We have amended the caption of this appeal to reflect the date of entry of the order. *See* Pa.R.A.P. 108(a)(1), (d)(1) (providing that the date of entry of an order is the date on which copies of the order are sent to the parties).

Appellant raises a single issue for our review:

Whether the PCRA court erred in denying Appellant's PCRA petition asserting that his guilty plea was not knowingly and voluntarily tendered and therefore illegal where Appellant was misinformed by counsel as to the duration of his sentence and the collateral consequences of entering the plea?

Appellants' Brief at 5 (formatting altered).

Following our review of the record, the parties' briefs, and the well-reasoned conclusions of the PCRA court, we affirm on the basis of the PCRA court's opinion. **See** PCRA Ct. Op. at 2-6. Specifically, we find that the record supports the PCRA court's finding that plea counsel advised Appellant that he would receive a sentence of six to twelve years' imprisonment in this case if he pleaded guilty. **See id.** at 4-5; **see also Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa. Super. 2018) (stating this Court grants "deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record"). The record also supports the PCRA court's factual finding that "[plea counsel] did not tell [Appellant] that pleading guilty would have no adverse consequences on his parole [in another case]." **See** PCRA Ct. Op. at 5; **see also Diaz**, 183 A.3d at 421. The PCRA court correctly stated that counsel is not required to advise a defendant of the collateral consequences of pleading guilty, such as the revocation of probation or parole. **See** PCRA Ct. Op. at 3 (citing, *inter alia*, **Commonwealth v. Barndt**, 74 A.3d 185, 193 (Pa. Super. 2013)). The PCRA court explained that a plea counsel could be ineffective if

counsel provided erroneous or misleading advice to a client about any of the collateral consequences of a guilty plea. *See id.* at 3-4 (citing *Barndt*, 74 A.3d at 196). For these reasons, we affirm on the basis of the PCRA court opinion which properly concluded that plea counsel did not advise Appellant about any of the collateral consequences of his guilty plea; therefore, plea counsel was not ineffective and Appellant has not shown that his guilty plea was involuntary or unknowing. *See id.* at 4-5; *cf. Barndt*, 74 A.3d at 196, 201.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/16/2021

COURT OF COMMON PLEAS OF BERKS COUNTY – CRIMINAL

COMMONWEALTH OF PENNSYLVANIA     :     No.    CP-06-CR-0005206-2013

              : 

v.                          : 

              : 

ANGEL NAVEDO             :     PATRICK T. BARRETT, JUDGE

**OPINION**     **BARRETT, J.**                             **December 7, 2020**

Defendant Angel Navedo, through counsel, appeals from the Order dismissing the Defendant's PCRA petition. Pursuant to Pa.R.A.P. 1925(a), we submit the following Opinion.

## I.     Procedural History

On April 21, 2016, Angel Navedo pleaded guilty to Delivery of a Controlled Substance[1], Persons not to Possess a Firearm[2], and Criminal Conspiracy[3]. The Defendant was sentenced on the same day to a term of six to twelve years. The Defendant was represented by Daniel Nevins, Esq. during his plea and sentencing.

On May 17, 2017, the Defendant filed a pro se PCRA petition. Shortly thereafter, this Court appointed Osmer Deming, Esq. to represent the Defendant in his PCRA petition. On March 12, 2018, Osmer Deming, Esq. filed a "No Merit Letter" Pursuant to *Finley* and *Turner* Requesting Leave of Court to Withdraw as Counsel. *Commonwealth v. Finely*, 550 A.2d 213 (Pa. Super. 1988); *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). This Court allowed Attorney Deming to withdraw as counsel on March 13, 2018. On April 3, 2018, this Court filed a "Notice of the Intention to Dismiss PCRA Petition (In Part)". This Notice stated that this Court's intention was to dismiss all of the issues in the Defendant's PCRA except the issue of the guilty plea colloquy

---

[1] 35 P.S. § 780-113 (a)(30)
[2] 18 Pa.C.S.A. § 6105 (a)(1)
[3] 18 Pa.C.S.A. § 903

BERKS COUNTY, PA

2020 DEC -7 PM 2: 04

CLERK OF COURTS

1



as it related to whether the Defendant entered a knowing and voluntary guilty plea. This Court ordered that the Defendant's PCRA be dismissed in part on May 10, 2018. On June 19, 2018, this Court appointed Lara Hoffert, Esq. to represent the Defendant in his PCRA proceedings. On October 24, 2018, a hearing was held on the final issue of the Defendant's PCRA petition. On September 23, 2020, this Court dismissed the Defendant's PCRA petition.

On October 20, 2020, the Defendant, through counsel, Lara Hoffert, Esq., filed a notice of appeal to the Superior Court of Pennsylvania from the order entered on September 23, 2020. On November 2, 2020, this Court entered an order pursuant to Pa.R.A.P. 1925(b) requesting a concise statement of errors complained of on appeal. On November 19, 2020, the Defendant, through counsel, filed a concise statement of errors complained of on appeal.

## II.     Issues Presented on Appeal

In response to this court's order pursuant to Pa.R.A.P. 1925(b), the Defendant filed a timely Concise Statement of Errors Complained of on Appeal, in which he asserts the following:

1. Whether the PCRA Court erred in denying Appellant's PCRA Petition asserting that his guilty plea was not knowingly and voluntarily tendered and therefore illegal where Appellant was misinformed by counsel as to the duration of his sentence and the collateral consequences of entering the plea?

This Court will discuss this issue in detail.

### 1.   Ineffective Assistance of Counsel

The Defendant alleged that his attorney, Daniel Nevins, Esq. was ineffective because he failed to advise the Defendant on the effect that his guilty plea may have on his parole. This Court denied this claim on September 23, 2020 because, after a hearing, this Court found that the Defendant did not ask Mr. Nevins about what consequences the plea may have on his parole status. The Defendant testified that he did not ask Mr. Nevins about his parole

2

and that the Defendant actually believed that his parole was over and therefore did not know to ask Mr. Nevins any questions about any effects the plea would have on his parole.

To establish ineffective assistance of counsel, the defendant must demonstrate: (1) his underlying claim is of arguable merit; (2) the course of conduct pursued by counsel did not have some reasonable basis designed to effectuate the defendant's interests; and (3) counsel's actions prejudiced the defendant in that, but for counsel's actions the outcome of the proceeding would have been different. *Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008). It is well-settled that "trial counsel is presumed to have rendered effective assistance and that the Defendant has the burden of proving otherwise." *Commonwealth v. Harvey*, 812 A.2d 1190, 1196 (Pa. 2002). Where ineffective assistance of counsel is alleged in connection with a guilty plea, relief will be granted "only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002).

An attorney representing a client during a guilty plea "is not required to advise a defendant of the collateral consequences of pleading guilty." *Commonwealth v. Barndt*, 74 A.3d 185, 193 (Pa. Super. 2013). "[T]he possibility of probation revocation is a collateral consequence to a guilty plea, and the fact that a defendant was not informed that he faces such a possibility in an unrelated criminal case does not undermine the validity of the plea." *Commonwealth v. Brown*, 680 A.2d 884, 887 (Pa. Super. 1996). An attorney is under no obligation to advise their client about the potential parole consequences of a guilty plea but if an attorney gives inaccurate advice to the client regarding a collateral consequence, there may be a basis for an ineffectiveness claim. The *Barndt* Court explains this further:

> As clear as our case law is that counsel's omission to mention a collateral
> consequence of a guilty plea does not constitute ineffective assistance of

3

> counsel, it is equally clear that counsel's assistance is constitutionally ineffective when counsel misapprehends the consequences of a given guilty plea and misleads his client accordingly about those consequences, without regard to whether the consequences in question are "direct" or "collateral".

74 A.3d 185, 196 (Pa. Super. 2013). Therefore, when an attorney gives a client incorrect legal advice which results in the client pleading guilty, the attorney's error could give rise to a claim of ineffective assistance of counsel.

This Court does not find that Daniel Nevins, Esq. was ineffective when he represented the Defendant during his guilty plea and sentencing. The caselaw stated above recognizes that probation violations are a collateral consequence to pleading guilty and as such, an attorney need not advise a client on any possible consequences pleading guilty would have on a client's probation or parole status. This Court understands that an attorney may not misrepresent to a client the consequences of pleading guilty, but Mr. Nevins did not incorrectly advise the Defendant during the course of his representation.

During the PCRA hearing, the Defendant stated that he did not have a specific conversation with Mr. Nevins regarding any possible parole violations. [See Notes of Testimony of October 24, 2018 ("N.T. PCRA Hearing"), p. 12]. During the hearing, the Defendant repeatedly states that he understood he was going to get six to twelve years and had the possibility of parole after six years. This is an accurate representation of the sentence that the Defendant received when he pleaded guilty. The Defendant admitted that he knew that he owed twelve days of parole. Id. at 13. The Defendant stated he did not bring it up to Mr. Nevins because he did not know it was a possibility to be resentenced on his parole violation because of this guilty plea. Id. And again, the Defendant states that Mr. Nevins did not specifically advise the Defendant about any possible parole implications. Id. at 14.

4

The Defendant also executed a "Statement Accompanying Defendant's Request to Enter a Guilty Plea." This form is signed at the bottom of each page by the Defendant. On page two of the form, question number five reads:

> 5. I ___am ___ am not currently on probation or parole. If I am on probation or parole, I understand that by pleading guilty, I may face further penalties as a probation or parole violator, including incarceration, that are separate from any sentence imposed as a result od this/these guilty plea(s)."

The Defendant wrote a check mark where the question prompted him to do so next to the "am not" line. Additionally, this Court asked the Defendant if he recognized the document, if he signed the document on each page, and if his attorney went over the questions with him to which he answered yes to all three questions. Id. at 3.

Based on the testimony at sentencing and the PCRA hearing, this Court does not find that Mr. Nevins was ineffective. Mr. Nevins properly advised the Defendant about the sentence he would receive after pleading guilty. Mr. Nevins did not tell the Defendant that pleading guilty would have no adverse consequences on his parole. Mr. Nevins rendered sufficient representation of the Defendant during the Defendant's guilty plea and sentencing. This Court does not find that Mr. Nevin's representation caused the Defendant to enter into an unknowing or involuntary plea and therefore this Court does not find that the Defendant's claim of ineffective assistance of counsel has merit.

This Court would also recognize that the Defendant testified during his guilty plea hearing that he was pleading guilty voluntarily and no one was forcing him to enter the guilty plea. A claim that a plea was unknowing and involuntary must fail if the record shows that a guilty plea colloquy was conducted, and that the Defendant understood the nature of the charges. *Commonwealth v. Ingram*, 316 A.2d 77 (Pa. 1974). The Defendant entered into this guilty plea knowingly and voluntarily and therefore does not meet the

5

legal standard required to withdraw his plea. The Defendant will be held to the statements made during the colloquy and cannot escape the consequences of the admissions by later contradicting them or claiming that he lied under oath. *Commonwealth v. Jones*, 596 A.2d. 885 (Pa. Super. 1991). This Court asked the Petitioner if he was being forced into this plea and he said no. [See Notes of Testimony of April 21, 2016 ("N.T. Sentencing"), p. 4]. This Court asked the Petitioner if he was doing this of his own free will and he said yes. Id. This Court asked the Defendant if he was satisfied with the services of his attorney in this matter and the Defendant replied yes. Id. at 6. Additionally, the facts of the case were placed on the record and when the Petitioner was asked if he was pleading guilty because he did that he said yes. Id. There is no merit to the Petitioner's claim that he did not voluntarily enter into the guilty plea. The Petitioner was under oath and stated he was not forced into the plea and he admitted that he was pleading guilty to the facts placed on the record because he did that and therefore his guilty plea was valid.

### III. Conclusion

For the foregoing reasons, this Court avers that Mr. Nevins was not ineffective as counsel and therefore the Defendant's claim of error lacks merit. Therefore, this Court respectfully requests the dismissal of this appeal.

BY THE TRIAL COURT:

Patrick T. Barrett, J.

Distribution
*Clerk of Courts*
*Computer*
*Office of the Attorney General*
*Lara Hoffert, Esq.*
*Defendant*
*Judge*

6