J-S37043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FERNANDO NUNEZ | : | |
| | : | |
| Appellant | : | No. 1808 EDA 2020 |

Appeal from the PCRA Order Entered September 10, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0402401-2004

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JANUARY 10, 2022**

Appellant, Fernando Nunez, appeals from the order entered by the Court
of Common Pleas of Philadelphia County dismissing, in part, his serial petition
filed pursuant to the Post Conviction Relief Act ("PCRA") as untimely filed.  As
we conclude Appellant filed the present appeal prior to the PCRA court's
resolution of all claims raised in his petition, we quash.

This Court has previously set forth the relevant underlying facts and
procedural history as follows:

> A jury convicted Appellant of first degree murder, criminal
> conspiracy, and possessing an instrument of crime (PIC), for the
> contract killing of Christopher Jastrzebski on May 13, 2001, when
> Appellant was 17 years old. Appellant's first trial ended in a
> mistrial.  Appellant represented himself *pro se* at his retrial with
> the assistance of stand-by counsel.  After the jury returned a
> guilty verdict, the retrial court sentenced Appellant to life
> imprisonment for the murder conviction, and concurrent terms of

---

[*] Former Justice specially assigned to the Superior Court.

5—10 years' and 2 ½–5 years' incarceration for criminal conspiracy and PIC.  It is unclear whether Appellant filed a direct appeal from his sentence.  However, his direct appellate rights were reinstated *nunc pro tunc* on March 2, 2007.

Appellant's subsequent, *nunc pro tunc* direct appeal averred, *inter alia,* that the trial court erred by interviewing a juror outside Appellant's presence.[1]  On December 23, 2008, this Court affirmed Appellant's judgment of sentence and, on July 27, 2009, our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Nunez****,* 965 A.2d 299 (Pa.Super.2008) (unpublished memorandum), *appeal denied,* 602 Pa. 677, 981 A.2d 218 (Pa.2009).

Appellant subsequently filed a timely, *pro se* PCRA petition on February 12, 2010.  In that petition, Appellant raised three claims alleging the ineffective assistance of appellate counsel.  The PCRA court appointed counsel, Barbara A. McDermott, Esq., who then filed a no-merit letter pursuant to ***Commonwealth v. Turner****,* 518 Pa. 491, 544 A.2d 927 (Pa.1988), and ***Commonwealth v. Finley****,* 379 Pa.Super. 390, 550 A.2d 213 (Pa.Super.1988) (*en banc*), asserting that Appellant's ineffectiveness claims were frivolous.  PCRA counsel also filed a motion seeking permission to withdraw.  Consequently, on October 21, 2011, the PCRA court issued a notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907, premised upon PCRA counsel's ***Turner/Finley*** letter.

. . .

On December 2, 2011, the PCRA Court dismissed Appellant's petition.
. . .

[T]he docket entry for the [PCRA Court's] December 2 order states that "[d]efense counsel is permitted to withdraw."  Appellant then filed a timely, *pro se* notice of appeal.

***Commonwealth v. Nunez***, No. 199 EDA 2012, 2014 WL 10988236, at *1–2

unpublished memorandum (Pa.Super. Jan. 14, 2014).

On appeal, this Court affirmed the order accepting PCRA counsel's no-merit letter and denying relief on Appellant's ineffectiveness claims raised in his first PCRA petition. In addition, we rejected Appellant's claim on appeal that he was entitled to a new sentencing hearing in light of *Miller v. Alabama*, --- U.S. ----, 132 S.Ct. 2455 (2012) (holding mandatory sentences of life without parole impose on juvenile offenders violate the Eighth Amendment), where the retroactivity of *Miller* at the time remained an open question of law, and Appellant had otherwise offered no argument as to why *Miller* should be held to apply retroactively. *Nunez*, *supra* at *7-8.

On April 1, 2014, Appellant filed a second PCRA petition in which he argued *Miller* announced a newly discovered constitutional right that should apply retroactively to his case. The PCRA court, however, entered an order dismissing Appellant's claim as patently untimely and qualifying for no exception to the one-year time-bar under 42 pa.C.S. § 9545(b)(1)(i-iii), (b)(2).

On appeal, we affirmed on the finding that Appellant failed to file his PCRA petition within 60 days of either the *Miller* decision or this Court's January 14, 2014 order and memorandum decision affirming affirmed the order denying his first PCRA petition. However, we also observed that Appellant "may still file a PCRA petition within 60 days of the decision in *Montgomery v. Louisiana*, --- U.S. ----, 2016 WL 280758 (filed January 25, 2016), which held that Miller applies retroactively to cases on collateral appeal." *Commonwealth v. Nunez*, 3200 EDA 2014, 2016 UL 591728

- 3 -

unpublished memorandum (Pa.Super. February 10, 2016), at *2 n.2. Rehearing *en banc* was sought and denied on April 13, 2016.

On May 8, 2016, Appellant filed his third PCRA petition, which raised a sentencing claim under **Montgomery**. While that petition was pending, he filed two separate motions on August 5, 2016, and March 7, 2017, respectively, seeking leave to supplement his petition with guilt-phase issues.

On July 10, 2020, the PCRA court issued to Appellant notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss only Appellant's guilt-phase claims because they were untimely and qualified for no exception to the timeliness rule. Appellant's **Miller**-based sentencing claim, the court's notice explained, was not subject to the Rule 907 dismissal, as his minor status at the time of the offense brought him under the **Miller/Montgomery** rubric permitting retroactive application of the ban against mandatory life without parole sentences for juveniles.

Specifically, the court opined in its notice that neither the newly-discovered fact exception at § 9545(b)(1)(ii) nor the governmental-interference exception at § 9545(b)(1)(i) were implicated by Appellant's guilt-phase claims that the prosecution withheld impeachment evidence that Commonwealth witness April Velez allegedly was involved in an unrelated homicide:

> You speculated that because Velez was identified in an unrelated case, she may have testified against you to curry favor and avoid prosecution. You failed, however, to substantiate your bald claim with any evidentiary support. Furthermore, you failed to demonstrate that the purported **Brady** violation previously was

unascertainable with the exercise of due diligence. These omissions were fatal to your attempt to invoke either timeliness exception.

In an additional attempt to invoke subsection 9545(b)(1)(i) and/or (ii), you appended Google Maps documents in support of your claim that Commonwealth witness Rashaan Washington testified falsely at your trial. You failed, however, to demonstrate that any relevant geographical facts previously were unascertainable with the exercise of due diligence.

As you failed to plead and prove one of the exceptions to the PCRA's time-bar, [the PCRA court] is without jurisdiction to consider the merits of your guilt-phase claims or offer any form of relief. Accordingly, [the PCRA court] will dismiss your supplemental petitions as untimely without exception. **[The PCRA court's] limited dismissal will not, however, encompass your May 2016 petition raising a *Miller* sentencing claim. That is to say, your *Miller* claim is preserved. Upon resolution of your supplemental petitions, the PCRA court will address your *Miller* claim.**

PCRA Court's Rule 907 Notice, 7/10/2020 (emphasis added).

Notwithstanding Appellant's objections to the court's notice, which he filed on July 29, 2020, the PCRA entered its September 10, 2020 order effectuating its "limited dismissal" of Appellant's claims. Nevertheless, apparently before the court could proceed with its intended review of Appellant's **Miller** claim, Appellant filed his September 22, 2020 notice of appeal to this Court.

Prior to addressing the merits of Appellant's appeal, we must *sua sponte* determine whether this appeal is properly before us. **Commonwealth v. Andre**, 17 A.3d 951, 957–958 (Pa.Super. 2011) (holding we may raise issues concerning our appellate jurisdiction *sua sponte*). Of concern is that the record reflects the court resolved only the supplemental petitions' guilt-phase

claims and deferred addressing the *Miller* sentencing claim until after such resolution. At the time Appellant filed his appeal to this Court, therefore, the PCRA court had not yet entered an order addressing Appellant's *Miller* claim.

In general, appeals are properly taken from final orders. *See* Pa.R.A.P. 341(b)(2) (stating an appeal lies from an order that "is expressly defined as a final order by statute[ ]"). Pennsylvania Rule of Criminal Procedure 910 governs PCRA appeals and provides as follows.

> An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal.

Pa.R.Crim.P. 910.

By its plain text, Rule 910 has no exceptions. Further, the comment to Rule 910 states that "[a] partial disposition under Rule 907 [(3)][1] is not a final order until the judge has fully disposed of all claims." *Id*. at cmt. As Appellant has filed his appeal from a partial disposition under Rule 907(3)—prior to the PCRA court's order addressing his *Miller* claim—we must quash the present appeal so that the PCRA court may complete its resolution of Appellant's *Miller* claim.

Appeal quashed.

---

[1] Rule 907(3) provides "The judge may dispose of only part of a petition without a hearing by ordering dismissal of or granting relief on only some of the issues raised, while ordering a hearing on other issues." Pa.R.Crim.P. 907(3).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/10/2022