J-S07025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN D. FIELDS | : | |
| | | |
| Appellant | | No. 781 WDA 2021 |

Appeal from the PCRA Order Entered June 16, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001178-2003

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY SULLIVAN, J.: **FILED: APRIL 26, 2022**

Sean D. Fields appeals *pro se* from the order dismissing his fourth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We remand for the issuance of a new Pa.R.Crim.P. 907 notice of intent to dismiss the petition.

In 2002, Fields was convicted of murder of the first degree for the death of Rashan Harris. In 2004, the trial court sentenced Fields to life in prison for the homicide conviction, followed by one to two years in prison for possession of a firearm without a license. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal. *See Commonwealth v. Fields*, 888 A.2d 5 (Pa. Super. 2005) (unpublished memorandum), *appeal*

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

1

*denied*, 556 WAL 2005, 2005 Pa. LEXIS 3211 (Pa. 2005). Fields filed several PCRA petitions, all of which were unsuccessful.[2]

On November 16, 2020, Fields filed the instant *pro se* PCRA petition, his fourth. The PCRA court appointed counsel who filed a motion to withdraw as counsel and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On May 11, 2021, the PCRA court granted counsel's motion to withdraw and issued a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. Fields did not respond to the notice. On June 16, 2021, the PCRA court entered an order dismissing the petition. Fields filed a timely notice of appeal in which he asserted that he did not receive the Rule 907 notice.

Our review of the certified record reflects a notation on the court docket that a copy of the Rule 907 notice was sent to Fields via certified mail on May 11, 2021. Nevertheless, Fields provided this Court with a Department of Corrections form which indicates that, between May 12, 2021, and June 16, 2021, "[n]o legal mail was received or sent to your housing unit for your signature." DOC Form, 7/21/21, at 1. Presumably, if the Rule 907 notice was

---

[2] **See Commonwealth v. Fields**, 82 A.3d 470 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 89 A.3d 660 (Pa. 2014); **See Commonwealth v. Fields**, 170 A.3d 1237 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 181 A.3d 1078 (Pa. 2018); **See Commonwealth v. Fields**, 221 A.3d 1240 (Pa. Super. 2019) (unpublished memorandum), *appeal denied*, 233 A.3d 672 (Pa. 2020).

sent via certified mail on May 11, 2021, Fields would have received it in the timeframe indicated on the DOC form. Moreover, the certified court record does not contain any certified mail receipt, indicating that Fields did, in fact, receive the Rule 907 notice.

Out of an abundance of caution, we remand for the PCRA court to ensure compliance with Rule 907 and to permit Fields the opportunity to respond to the arguments made by counsel in the "no merit" letter, the PCRA court's order granting counsel's petition to withdraw, and the PCRA court's stated reasons for dismissing his petition. *See* Pa.R.Crim.P. 907(1) (providing that notice of the intention to dismiss the petition is mandatory). Upon remand, the PCRA shall issue a new Rule 907 notice.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2022