J-S34007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD DARRELL BALLARD | : | |
| | : | |
| Appellant | : | No. 1533 WDA 2021 |

Appeal from the PCRA Order Entered March 9, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001382-2006

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED:  December 2, 2022**

Appellant Todd Darrell Ballard appeals from the order entered March 9, 2022, by the Court of Common Pleas of Allegheny County denying his petition for postconviction DNA testing pursuant to 42 Pa.C.S. § 9543.1.[1]  After careful review, we affirm the lower court's order denying relief.

In 2006, the Commonwealth charged Appellant in the fatal shooting of the mother of his child ("Victim").  During his 2007 bench trial, the defense argued that the shooting was accidental, resulting from a struggle between

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] While the court denied Appellant's petition on September 30, 2021, it did not enter the order on the docket until March 9, 2022.  We have changed the caption accordingly and deem timely Appellant's premature notice of appeal. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

Appellant and Victim. Nevertheless, the trial court found Appellant guilty of, *inter alia*, First-Degree Murder and sentenced him to a term of incarceration of life without parole.[2] In his direct appeal, Appellant again did not contest his presence at the crime but argued that "the shooting occurred during a 'heat of the passion' struggle."[3] This Court affirmed his judgment of sentence in May 2009, and the Pennsylvania Supreme Court and the United States Supreme Court denied further review.[4]

Appellant filed his first PCRA petition in 2010, which the PCRA court denied following the submission of counsel's no-merit letter. This Court affirmed the denial of PCRA relief in 2013.[5]

On February 22, 2021, Appellant filed *pro se* a "Petition for DNA Testing Pursuant to the [PCRA] 42 Pa.C.S. § 9543.1[.]" He sought DNA and forensic testing of evidence gathered at the crime scene, including Victim's fingernail

---

[2] As gleaned from the trial court's 2008 Pa.R.A.P. 1925(a) Opinion, Appellant fatally shot Victim and took their infant child. Victim's stepfather ("Stepfather"), who knew Appellant as Victim's paramour, witnessed the crime. Relevantly, Stepfather cut his foot on broken glass on the floor as he attempted to evade Appellant prior to Appellant shooting Victim. Police apprehended Appellant as he was allegedly attempting to flee to New York to change his identity.

[3] Appellant's Pa.R.A.P. 1925(b) Statement, 6/5/08, at ¶ 9.

[4] *Commonwealth v. Ballard*, 976 A.2d 1198 (Pa. Super. 2009) (non-precedential decision); 983 A.2d 725 (Pa. 2009); 559 U.S. 1074 (2010).

[5] *Commonwealth v. Ballard*, 83 A.3d 1075 (Pa. Super. 2013) (non-precedential decision).

clippings. Appellant alleged that although detectives seized forensic and ballistic evidence from the crime scene, the Commonwealth did not provide the defense with DNA testing results nor introduce any results at trial, other than stipulating that blood traces matched Stepfather's DNA. In contrast to his past defenses alleging that the shooting occurred during a struggle between himself and Victim, Appellant asserted that DNA testing of the evidence would "exonerate him, and reveal/identify the perpetrator."[6]

The PCRA court appointed counsel, who subsequently filed a Motion for Leave to Withdraw and a **Turner**/**Finley** No Merit Letter.[7] After reviewing the No-Merit Letter, the PCRA court issued a Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907(1) on August 25, 2021. Viewing Appellant's petition as a standard PCRA Petition, the court concluded that the petition was untimely under the PCRA's jurisdictional time bar.

The court additionally addressed the merits of his petition. The court opined that Appellant had not met the requirements for DNA testing pursuant to Section 9543.1(a)(2). The court also recognized that the Appellant's strategy at trial was that the shooting was accidental, such that the case did not involve a claim that he was not present at the crime scene. Accordingly,

---

[6] Memorandum of Law in Support of Petition for DNA Testing, 2/22/21, "Statement of Verification" (emphasis removed).

[7] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

the court noted its intent to dismiss the petition without a hearing and granted counsel permission to withdraw. On September 30, 2021, the PCRA court dismissed Appellant's petition seeking DNA testing.[8]

Appellant filed *pro se* a notice of appeal. Subsequently, both Appellant and the court complied with Pa.R.A.P. 1925. Appellant presents the following "claim for review[:]"

> Did the newly appointed court err in misconstru[ing the] petition (motion) for DNA/forensic testing into a Post-Conviction Relief Act Petition; and circumventing the provisions of 42 Pa.C.S. [§ ]9543.1(b)(1) in dismissing said petition based on a No-Merit Letter, instead of giving the Commonwealth an opportunity to respond to the action?

Appellant's Br. at 5.

**A.**

Appellant challenges the PCRA court's dismissal of his petition for DNA testing. When reviewing an order denying postconviction DNA testing, we consider whether the court's determination "is supported by the evidence of record and whether it is free from legal error." *In re Payne*, 129 A.3d 546, 554 (Pa. Super. 2015) (*en banc*). In doing so, "this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1." *Commonwealth v. Walsh*, 125 A.3d 1248, 1253 (Pa. Super. 2015) (citation omitted). We will affirm the lower court's denial of testing "if there is any basis to support it, even if we rely on different grounds to affirm." *Id.*

---

[8] In its September 30, 2021 Order, the court referenced Appellant's September 9, 2021 response to the Rule 907 Notice of Intent to Dismiss. The response is not included in either the docket entries or the record.

Section 9543.1 details numerous requirements for petitioners seeking postconviction DNA testing. Relevant here, Section 9543.1(a)(2) provides that if the evidence was available at trial, as in this case, then the applicant must demonstrate, *inter alia*, that the evidence had not been "subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial . . . , or [that] the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results . . . ." 42 Pa.C.S. § 9543.1(a)(2)

The statute also requires the applicant to "present a *prima facie* case demonstrating that the . . . **identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing**" and that "DNA testing of the specific evidence, assuming exculpatory results, would establish . . . the applicant's actual innocence of the offense[.]" ***Id.*** at § 9543.1(c)(3)(i), (ii)(A) (emphasis added); ***see also Walsh***, 125 A.3d at 1254–55.

### B.

The PCRA court denied Appellant's request for DNA testing based upon Appellant's failure to satisfy the requirements of Section 9543.1. Specifically, the PCRA court observed that DNA testing technology was available at trial. It also found no indication that new technology would provide more accurate or probative results. The court additionally opined that DNA testing would not be "in furtherance of any claim that he was not involved in the murder[,]" given that his defense strategy was that the shooting was accidental. Notice

of Intention to Dismiss, 8/25/21, at ¶ 13. After review, we agree that Appellant did not satisfy Section 9543.1.

Appellant asserts that the court erred in denying his petition for postconviction DNA testing.[9] He argues that because the crime lab collected evidence "to link an assailant to the shooting in this matter," testing the evidence "is extremely important to establish [his] innocence." Appellant's Br. at 7 (emphasis removed). Appellant cites his plea of "not guilty" in support of his claim of innocence and baldly asserts that "the forensic results would exonerate" him. Appellant's Reply Br. at 1-2, 4. Appellant also references the development of a new testing method of "microbial sampling of bacteria," asserting that this new, more accurate technology would identify the "actual shooter in this matter[.]" *Id*. at 2, 5.

Upon review, we agree with the PCRA court that Appellant failed to satisfy the requirements for postconviction DNA testing under Section 9543.1. Most significantly, despite his bald statements, Appellant does not "present a *prima facie* case demonstrating that the . . . identity of or the participation in

---

[9] Appellant first contends that the PCRA court erred in treating his petition for postconviction DNA testing as a standard PCRA petition and subjecting it the PCRA's jurisdictional time bar. We agree. While petitions for postconviction DNA testing fall "under the general rubric of the PCRA[,]" the petitions are not subject to the "one-year jurisdictional time bar of the PCRA." *Commonwealth v. Williams*, 35 A.3d 44, 50 (Pa. Super. 2011) (citation omitted); *see also* 42 Pa.C.S. § 9543.1(a)(1). Nevertheless, we affirm the PCRA court's order based upon its alternative conclusion that Appellant failed to satisfy Section 9543.1.

the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing." 42 Pa.C.S. § 9543.1(c)(3)(i). Rather, the record reveals that Appellant stipulated to his identity at trial and asserted a defense claiming that the shooting resulted from a struggle between himself and Victim.[10] Thus, DNA testing would be irrelevant because there is no dispute that Appellant was present at the crime scene. Moreover, the presence of someone else's DNA would not change the fact that Appellant participated in the shooting that resulted in Victim's death. Accordingly, we conclude that the PCRA court's denial of Appellant's Petition for Postconviction DNA Testing is supported by the record as Appellant failed to satisfy the requirements of Section 9543.1.[11]

_____

[10] Appellant attempts to call into question his counsel's stipulation to his identity at trial, claiming that he "was under the influence of sedative medication during trial proceedings" and, thus, was "unable to assist in his defense." Appellant's Reply Br., at 2, 4. We reject this argument based upon this Court's previous rejection of this same assertion raised in his 2010 PCRA Petition in which we noted that Appellant failed to support his bald allegations that his medication interfered with his ability to assist in his defense.

[11] Appellant also asks this Court to remand to allow the Commonwealth to file a response to his petition for DNA testing because the PCRA court did not "afford the Commonwealth an opportunity to respond to the motion," as required by Section 9543.1(b)(1). Appellant's Br. at 7. We deem Appellant's remand request moot, given that the Commonwealth filed a brief to this Court, arguing in favor of the PCRA court's resolution, and Appellant responded to the Commonwealth in his Reply Brief. With regard to Appellant's Reply Brief, we grant his "Request to Make a Reduction of Required Copies [of his Reply Brief]," filed October 17, 2022.

Order affirmed.   Appellant's Request to Make a Reduction of Required Copies granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2022